JAMES THOMPSON, and JOHN L. THOMPSON, Appellants, *v.* THOMAS LEE, Appellee.

### APPEAL FROM CASS.

The law does not regard the middle initial letter as a part of a person's name.

THIS was an action of assumpsit commenced by Lee against appellants, in the Cass Circuit Court, HARRIOTT, Judge, on the following note :

"$2,025. *Virginia, Dec.* 15, 1856.

On the 1st day of April, A. D. eighteen hundred and fifty-eight, we jointly and severally promise to pay Thomas Lee, or order, the sum of two thousand and twenty-five dollars, with six per cent interest from date, for value received. Attest R. S. Thomas.

JOHN L. THOMPSON.
JAMES B. THOMPSON."

The summons and declaration were against James Thompson and John L. Thompson. The declaration contained two counts. The first alleges the note to have been made by the defendants. The second count professes to set out the note in *hæc verba,* with the signatures as follows : "JOHN L. THOMPSON.
JAMES R. THOMPSON."

The middle initial in James Thompson's signature to the note was a character in hand-writing unlike the writing of the words "James Thompson," and a character resembling a "B" or an "R."

Plea, general issue.

On the trial the note was objected to as being variant from either count in the declaration. A witness was sworn, who stated he was acquainted with James Thompson; that he never saw said Thompson write a word; that he did not think he could write; that the character in the note, between the first and last names of said Thompson, in his opinion, was his mark; he has seen said Thompson make such a mark several times. The court (a jury having been waived) allowed the note to be read in evidence. The court thereupon rendered judgment for plaintiff. The defendants entered their motion for a new trial, which motion was overruled, to which the defendants excepted.

Errors assigned: 1st, The court erred in allowing the note to be read in evidence; 2nd, The court erred in overruling the defendants' motion for a new trial; 3rd, The judgment should have been rendered in favor of the defendants.

J. S. BAILEY, for Appellants.

H. E. DUMMER, and J. GRIMSHAW, for Appellee.

WALKER, J. It is urged that there was a variance between the note declared upon, and that which was read in evidence on the trial. The summons and declaration were each against James Thompson and John L. Thompson, and the note read in evidence is signed by John L. Thompson and James Thompson. But in the latter signature, a letter or character resembling the letter B or R, appears between the christian and surnames. Whether it was intended to be a letter, or a character used as the maker's mark, we conceive can make no difference, as such initial letter is not regarded as a part of the name, and the law only recognizes one christian name of a party. 1 Ld. Raym. 562; *Franklin* v. *Talmadge,* 5 J. R. 84. And if it was used as the maker's mark by which he executed the note, it was equally no part of the written signature, and consequently there was no misdescription, and there could have been no variance.

Whether the note was admissible in evidence under the second count, may have depended upon inspection, as that count professed to set it out in *hæc verba,* and when offered, it was for the court to determine whether or not it was correctly described. The court, if it admitted the note under this count, must have determined that the description was correct. We have nothing

in this record from which we can say that the court decided incorrectly. But whether there was a variance between the note described in the second count or not, can in no wise change the result, as it was properly admitted under the first count.

The plea of non-assumpsit was not verified by affidavit, and there was therefore no necessity to adduce evidence on the trial, to prove the execution of the note. And we regard it unnecessary to determine whether it proved its execution, or explained the object of using the character either as a letter or the maker's mark.

We perceive no error in the record, and the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*