THE CITY OF CARLINVILLE

*v.*

MILTON McCLURE *et al.*

*Filed at Springfield June 13, 1895.*

1. PUBLIC IMPROVEMENTS—*grade of street to be improved must be shown by ordinance.* The ordinance for a street improvement must show the grade of the street, so the amount of excavation and filling, respectively, necessary to be made in constructing the improvement, will appear.

2. SAME—*profile of street may become part of ordinance by reference.* A profile on file in the office of the city clerk may, by reference in an ordinance for a street improvement, be read into it, so as to form a part of the necessary description of the proposed improvement.

3. SAME—*sufficiency of profile referred to in ordinance to show amount of excavation.* A profile, referred to by ordinance, showing a grade line and a line of excavation parallel thereto, while a third irregular line represents the original surface line of a street, made on paper divided into equal squares, translatable into terms of distance, is sufficient to show the quantity of excavation or filling necessary, when taken in connection with an ordinance specifying the number of inches of excavation below the grade line.

APPEAL from the County Court of Macoupin county; the Hon. ARCHELAUS N. YANCEY, Judge, presiding.

M. HOBEN, City Attorney, and F. W. BURTON, for appellant:

The language of this court in *People ex rel.* v. *Sherman,* 83 Ill. 167, seems applicable to the objection in this case.

The reasoning of this court in the cases of *Lake* v. *Decatur,* 91 Ill. 596, and *Jacksonville Railway Co.* v. *Jacksonville,* 114 id. 562, determines the question that the mere suspicion of something which might have happened, on account of a fancied and technical uncertainty, will not be sufficient to make void an ordinance.

JOHN I. RINAKER, and LEWIS RINAKER, for appellees:

This court has said a valid ordinance is the foundation of every special assessment or special tax proceeding. *Lindsay* v. *Chicago,* 115 Ill. 122; *Railway Co.* v. *Jacksonville,* 114 id. 562; *Hyde Park* v. *Spencer,* 118 id. 457; *Ogden* v. *Lake View,* 121 id. 424; *Kankakee* v. *Potter,* 119 id. 327; *Sterling* v. *Galt,* 117 id. 20; *St. John* v. *East St. Louis,* 136 id. 207.

The authority of municipalities to impose burdens of any character on persons and property is wholly statutory, and, as its exercise may result in divestiture of title and transfer of property, it must be clearly given and strictly pursued. 2 Dillon on Mun. Corp. chap. 16, sec. 605.

Where the legislature has prescribed the mode in which the municipality shall exercise the power, all of the substantial requirements must be followed. *Scammon* v. *Chicago,* 40 Ill. 146; *Davis* v. *Litchfield,* 145 id. 313.

Without a definite description in the ordinance of the nature, character and location of the improvement, the court will have no authority to confirm the assessment made to pay therefor. *Levy* v. *Chicago,* 113 Ill. 650.

The ordinance must either, in itself, contain a definite specification of the nature, character, location and description of the improvement, or must refer to plans, maps, plats, profiles and specifications on file in the proper clerk's office which do give definite specification.

*Sterling* v. *Galt*, 117 Ill. 11, and cases cited; *Hyde Park* v. *Spencer*, 118 id. 446; *Kankakee* v. *Potter*, 119 id. 324. See, also, *Carlyle* v. *County of Clinton*, 140 Ill. 512, where the work was done without any ordinance.

The ordinance is indefinite, and this court has recognized the force of such indefiniteness in rendering an ordinance void in the following cases: *Hyde Park* v. *Carton*, 132 Ill. 100; *Railway Co.* v. *Chicago*, 144 id. 391; *Gage* v. *Chicago*, 143 id. 157.

Mr. JUSTICE BAKER delivered the opinion of the court:

The city of Carlinville adopted an ordinance for paving with brick East Main street, in said city, from the east line of the public square to the east line of East street to the width of twenty-one feet on each side of the center line of said East Main street, and from the east line of East street to the west line of Center street to the width of fourteen feet on each side of the center line of said East Main street, and it was provided that the cost of street intersections and crossings should be paid by general taxation, and the residue of the cost of the improvement paid by special taxation of abutting lots and parcels of land. The total estimated cost of the improvement was $14,236.99, and of this the sum of $2000.33 was apportioned to the city, and $12,236.66 assessed and taxed against abutting real estate, to be paid in five installments. In this proceeding for the confirmation of the assessment roll there was judgment of confirmation, by default, as to all of the property assessed except that of Milton McClure and James A. McClure, who are the appellees now before us: The total assessment upon the real estate of Milton McClure was $284.26 and that upon the real estate of James A. McClure $51.05. They interposed objections to confirmation, and the county court sustained the objection that the ordinance which provides for the improvement to pay for which the special tax was assessed, is invalid, because the ordinance, and

the profile made a part of the ordinance, do not contain a sufficient description of the nature, character and locality of the proposed improvement, and that therefore there is no valid ordinance authorizing the imposition of said special tax, and the court refused judgment of confirmation as to the property of appellees, and dismissed the proceeding as to their lots and parcels of land. From that judgment the city prosecutes this appeal.

The ordinance provided that said East Main street, to the respective widths above indicated, on each side of its center line, should "be excavated to the depth of eleven inches, along the center line thereof, below the grade, as shown by the profile of said street on file in the office of the city clerk," and that at the distance of twelve inches from the outer edges of the pavement, for the entire length thereof, the excavation should be of the depth of fifteen inches, said excavation to be in the form of a segment of a circle, and the portion of the street between said twelve-inch lines and the outer edges of the street so excavated, on both sides thereof, to be graded and paved in a similar manner as the remainder of said street, so as to make a good and substantial gutter along said twelve inch lines. No mention is made in the ordinance of any city datum or established grade, or any fixed object, natural or artificial, on the vertical plane of the city, other than the above reference to the profile of the street. The horizontal plane is, of course, made certain by the references to the east line of the public square, the east line of East street, the west line of Center street, and the distances given on either side of the center line of East Main street. The provision in regard to the vertical location of the improvement simply is, that the excavation is to be made along the center line of the street to be improved, to the depth of eleven inches below the grade of said street, as shown by the profile of said street on file in the office of the city clerk.

It is essential to the validity of the special tax that the ordinance providing for the proposed local improvement should specify the nature, character, locality and description of such improvement. Rev. Stat. chap. 24, art. 9, sec. 19; *Levy* v. *City of Chicago*, 113 Ill. 650; *City of Sterling* v. *Galt*, 117 id. 11; *City of Kankakee* v. *Potter*, 119 id. 324; *City of Carlyle* v. *County of Clinton*, 140 id. 512; *Gage* v. *City of Chicago*, 143 id. 157; *Village of Hyde Park* v. *Carton*, 132 id. 100; *Lake Shore and Michigan Southern Railway Co.* v. *City of Chicago*, 144 id. 391.

It is the doctrine of the cases cited, and of numerous other decisions of this court, that the ordinance must give such a description of the improvement as that an intelligent and substantially correct estimate of its cost can be made. It is necessary that the grade of the street should be made to appear, in order to show what amount of excavation and fill, respectively, are required to be made in the construction of the improvement. But we do not understand that it is necessary that in the body of every ordinance providing for a local improvement upon a street by special assessment or special taxation, the details of the grade of that street must be set out. A reference to an ordinance, monument, instrument or other fixed thing that locates and witnesses that grade will suffice.

It is difficult to perceive why, upon legal principle, a reference to a grade shown upon a profile on file in the office of the city clerk will not read that grade into an ordinance for a local improvement, equally as well as a mere reference to a city datum, or to a grade established by another ordinance, or to a fixed monument of any kind that is *dehors* the ordinance for the improvement, will suffice for like purpose. In the case at bar, does the profile on file in the clerk's office so aid the ordinance as that said ordinance, when read in the light afforded by the profile, indicates the location of the grade line of the street on the vertical plane of the city? Is it anywhere

disclosed how much above or how much below any given fixed point the grade of East Main street is?

The claim of appellees, which was sustained by the county court, is, that the profile fails to show that the grade thereon marked sustains any relation to any fixed point on the vertical plane in the city of Carlinville; that there is nothing thereon which shows where the grade of the street is with reference to the original surface at any point on the entire line of the improvement to be made, and appellees ask this question : "How could a stranger, a contractor or an engineer, who had no more information as to the location on the vertical plane of the grade of East Main street than the profile furnishes, tell the amount of excavation or filling necessary to be made in order to construct the pavement provided for in the ordinance in question on the grade fixed in that profile?" We think it very plain, from an inspection of the profile, that the red line thereon represents the grade of the proposed street, that the solid black line represents the original surface of the street, and that the dotted black line represents the depth of the excavation. For confirmation of these conclusions, derived from mere inspection and ordinary knowledge of matters and business affairs, we may turn to the ordinance itself. It provides that East Main street "shall be excavated to the depth of eleven inches, along the center line thereof, below the grade, as shown by the profile." The line of the grade and the line of the excavation, then, are equidistant from each other throughout the entire length of the improvement, and the uniform distance between them is eleven inches. Reverting to the profile, we find, both from inspection and from measurement, that the red line and the dotted black line are, from end to end, a uniform distance apart. The different points on the third and remaining line, which is the solid black line, are, on the other hand, at varying and unequal distances from both the red line and the dotted black line.

156—32

The profile is made upon profile paper, which is divided into squares, both horizontally and vertically, and other horizontal lines subdivide each of these squares, vertically, into five equal divisions or spaces. Inspection demonstrates that there are ten of these spaces on the vertical plane between the red line designating the grade of the street improvement, and the dotted black line designating the bottom of the excavation, and since the distance between the two lines last mentioned represents eleven inches, it follows that each one of the ten spaces represents one-tenth of eleven inches, or one and one-tenth inches. It must necessarily be that a simple calculation, based on the number of these small vertical spaces found between the dotted black line representing the bottom of the excavation and the solid black line designating the original surface of the ground, will show, with substantial accuracy, the amount of earth required to be excavated at each and every point along the line of the improvement. And a like calculation, based on the number of these vertical spaces between the solid black line and the red line, in the few places where said solid black line falls between the red line and the black dotted line, will, in like manner, give the amount of earth required for the fillings at said several places. Moreover, from the data furnished, the relative positions, at all points, of the grade of the improvement and the original surface of the street, each to the other, are readily ascertainable.

Our conclusion is, that when the ordinance and the profile are considered together, and the profile is read into the ordinance, and the ordinance interpreted in the light thus afforded, then the nature, character, locality and description of the East Main street improvement sufficiently appear in the ordinance.

We think that the county court erred in sustaining the objections, and in dismissing the petition for the confirmation of the assessment roll as to the property of

appellees, and in rendering the judgment that it did. The orders and judgment are reversed, and the cause is remanded, with directions to overrule said objections and render judgment confirming the assessment and special taxes as to the lots and real estate of appellees.

*Reversed and remanded.*