WILLIAM CLAFLIN et al.

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 17, 1899—Rehearing denied April 7, 1899.*

| 178 | 549 |
|-----|-----|
| 180 | 126 |

| 178 | 549 |
|-----|-----|
| 183 | 58 |

| 178 | 549 |
|-----|-----|
| f186 | [1]428 |

| 178 | 549 |
|-----|-----|
| 187 | [1]419 |

| 178 | 549 |
|-----|-----|
| d189 | [1]105 |
| d189 | [1]106 |

| 178 | 549 |
|-----|-----|
| 193 | [2]201 |
| 193 | [2]284 |

| 178 | 549 |
|-----|-----|
| 204 | [2]460 |

1. PUBLIC IMPROVEMENTS—*when paving ordinance sufficiently specifies height of curb.* A paving ordinance sufficiently specifies the height of the curb which provides that the pavement, at the center of the street, shall conform to the established grade, and shall descend to the gutter line at a specified pitch, and that the gutter flags shall be of a certain width with a pitch corresponding to the crown of the street, the top of the curb to be at established grade.

2. SAME—*an ordinance for paving street need not give details of grade.* Reference by a paving ordinance to the established grade of the street to be improved is a sufficient specification of the grade, as the commissioners will take notice of an established grade the same as of streets or intersections established by other ordinances.

3. NAMES—*law does not regard middle initial as part of name.* The middle initial of a name is not material in any legal proceeding, and its presence or absence or the use of a different one does not constitute a variance recognized by law.

4. SAME—*first initial is regarded as an abbreviation of christian name.* The initial letter of a christian name is to be regarded, not as the name of another person, but as an abbreviation of christian name.

5. SAME—*what not a variance in names.* There is no legal variance between the names "John J. Flagg" and "J. H. Flagg."

MAGRUDER, J., dissenting.

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

HUFF & COOK, and W. F. CARROLL, for plaintiffs in error.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, Assistant, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiffs in error ask us to reverse a judgment entered by default, confirming a special assessment against their property for paving Harding avenue, in Chicago, because the court had no jurisdiction to enter the judgment. One reason alleged is, that the ordinance is void for a failure to specify the height of the curb, which is a part of the combined gutter and curb on each side of the roadway. The ordinance is not subject to the objection. It provides that the surface of the pavement at the center of the street shall conform exactly to the established grade of said Harding avenue and shall descend to the gutter line with a pitch of one inch to each three feet; that the gutter flags shall be eighteen inches in width and have a pitch corresponding to the crown of the street, and that the top of the curb shall be at the said established grade of Harding avenue. Here are all the data necessary to determine the depth of the gutter and the height of the curb. The top of the curb and the surface of the pavement at the center of the street are to be on a level at the established grade, and the depth of the gutter and height of the curb will be one inch for each three feet of width from the center of the crown of the street to the gutter line.

Another objection is, that the ordinance is void for a failure to fix the grade at which the improvement is to be made. The provision, as already seen, is, that the improvement shall conform exactly to the established grade of the avenue, and the objection seems to be that the ordinance does not say that such grade was estab-

lished by an ordinance on file in the city clerk's office.
It is not the purpose or function of an ordinance provid-
ing for an improvement upon a street to fix the grade of
that street, and it has never been deemed necessary that
in the body of such an ordinance the details of an estab-
lished grade must be set out. (*City of Carlinville* v. *Mc-
Clure*, 156 Ill. 492.)   A city is authorized to establish the
grades of its streets independently of any improvement,
and the importance of showing the grade in an ordinance
for an improvement is to show what amount of excava-
tion and filling will be required, so that an intelligent es-
timate of cost can be made.   The establishing of a grade
for Harding avenue, being a permanent matter of a leg-
islative character, could only be done by an ordinance,
and a reference to an established grade is necessarily a
reference to some ordinance of the city establishing the
same.   The right to refer to an ordinance fixing the
grade, instead of setting out all the particulars of such
grade, has never rested upon any particular provision
of a statute authorizing it, but upon the ground that it
would be useless to repeat in detail the provisions of
other ordinances.   It is true that the statute does not
provide for reference to an ordinance establishing a
grade, while it does authorize a reference to maps, plans,
profiles or specifications on file in the office of the proper
clerk.   This is to authorize a reference to such papers
for details of the improvement which would otherwise
have to be inserted in the ordinance.   But where a grade
has been established by ordinance and the ordinance for
the improvement requires it to be at that grade, the com-
missioners estimating the cost will take notice of such
established grade, just as they would of streets or inter-
sections established by other ordinances.   (*White* v. *City
of Alton*, 149 Ill. 626; *Haley* v. *City of Alton*, 152 id. 113; *City
of Carlinville* v. *McClure, supra; Chicago and Northern Pacific
Railroad Co.* v. *City of Chicago*, 172 Ill. 66.)   As the act
establishing the grade must necessarily have been by

ordinance, we do not see what possible difference it could make that the word "ordinance" is not mentioned, or how commissioners or bidders would be better informed if the word were used without giving the title of such ordinance or the book or page where it is recorded, which is not claimed to be necessary. If it should be shown on a hearing that there was no ordinance establishing a grade it would be a good defense to an application for judgment, (*Chicago and Northern Pacific Railroad Co.* v. *City of Chicago*, 174 Ill. 439,) but, so far as the ordinance itself is concerned, we regard the provision that the improvement shall be at the established grade as sufficient.

It is also argued that the petition is insufficient as a basis for the judgment because a copy of the report to the city council of the commissioners appointed to make an estimate of the cost of the improvement annexed to the petition shows that John J. Flagg, one of the three persons appointed to make the estimate, did not act, but that another person acted in his place. The copy annexed to the petition appears to be signed "J. H. Flagg," and this is the ground for claiming that he was a different person from the one appointed. So far as the middle initial appearing in the ordinance or the report is concerned, it has no tendency to prove the fact alleged, because it is no part of the name. The common law recognizes but one christian name, and a middle initial may be dropped and resumed or changed at pleasure. It is not material in any legal proceeding, and its presence or absence or a difference in it does not create a variance. (*Thompson* v. *Lee*, 21 Ill. 242; *Erskine* v. *Davis*, 25 id. 251; *Humphrey* v. *Phillips*, 57 id. 132.) In *Miller* v. *People*, 39 Ill. 457, the indictment charged a robbery of Isaac R. Randall and it was proved that the robbery was committed on Isaac B. Randall. It was there contended by counsel, that although unnecessary to insert the initial R. in the name of the party robbed, yet as it was inserted and the initial was different there was a variance. The court

did not agree with counsel, but said that the letter was no part of Randall's name and that there was no variance. The middle initial J. in the ordinance and H. in the signature being disregarded, the question must be considered as if the ordinance appointed John Flagg and the report was signed J. Flagg, and such a difference has never been regarded as creating a variance or showing that there were two persons. While a letter of the alphabet does not in itself constitute a name, yet the initial letter of the christian name is so commonly used that it is to be regarded, not as the name of another person but as an abbreviation of the christian name. *Lee* v. *Mendel,* 40 Ill. 359.

The objections made do not warrant a reversal, and the judgment of the county court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.