THE CHICAGO TERMINAL TRANSFER RAILROAD COMPANY

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 19, 1900.*

1. SPECIAL ASSESSMENTS—*what does not render a paving ordinance unreasonable.* That the retaining walls of approaches to a viaduct on the street to be paved are too weak to bear the strain of the ten-ton roller with which the pavement must be rolled does not render the ordinance unreasonable or invalid, since the city may strengthen such walls or build new ones.

2. SAME—*what a sufficient establishment of grade by reference to datum.* A paving ordinance sufficiently establishes the grade which fixes it for the entire length of the improvement at certain heights, to be measured from a specified, fixed datum adopted for city levels.

3. SAME—*what need not be proved to sustain establishment of grade by reference to datum.* Where an ordinance for paving a Chicago street requires the street to be graded to certain heights above the plane of the low-water mark in Lake Michigan in 1847, it is not necessary that such mark be established by ordinance; nor need it be proved that the lake was there in 1847, or that there was a time that year when the water was low.

4. SAME—*estimate should not include work not contemplated.* It is a valid objection to confirmation that the estimate includes cost of paving certain portions of cross-streets excepted by the improvement ordinance, since the assessment as spread is based upon the estimate; and it is a substantial right that the lien of the assessment shall not be greater than necessary, even though competition among contractors will fix the price for the work notwithstanding the estimate may be excessive.

APPEAL from the County Court of Cook county; the Hon. O. H. GILMORE, Judge, presiding.

Jesse B. Barton, and Mark Breeden, Jr., for appellant.

Charles M. Walker, Corporation Counsel, and Armand F. Teefy, for appellee.

Mr. Chief Justice Cartwright delivered the opinion of the court:

Appellee filed its petition for a special assessment to collect the cost of an improvement provided for by an ordinance entitled "An ordinance for the improvement—plastering curb-walls, curbing, grading and paving—of South Canal street from the south line of the street railway right of way on West Harrison street to a line parallel with and 180 feet south-easterly of the south-easterly line of Lumber street, in the city of Chicago, county of Cook, and State of Illinois." Appellant's property was assessed and it appeared and filed sixty-three objections, which were overruled and the assessment was confirmed.

Many of the objections were frivolous and nearly all the others were repetitions of the same objection in slightly varying form, which had no merit and were not supposed to have any. The filing of them was an imposition upon the court, and scarcely any are now insisted upon. One of those now argued is, that the ordinance is unreasonable and oppressive because the approaches to the viaducts crossing Canal street at West Harrison and Polk streets are not suitable to receive the paving. The ordinance provides for paving the roadway and rolling it with a ten-ton roller. Witnesses testified that the retaining walls were weak and not strong enough for operating such a roller. The character of the improvement to be made was within the discretion of the city, and this fact, if it exists, would not render the ordinance invalid. If the wall is too weak the city can strengthen it or put up a new one, and presumably will do so.

Another objection is, that the grade of the street as established by the ordinance is insufficient. The ordinance fixes the grade for the entire length of the improvement at certain heights above datum, and provides: "The above heights as fixed shall be measured from the plane of low water in Lake Michigan of A. D. 1847, as established by the trustees of the Illinois and Michigan canal and adopted by the late board of drainage commissioners and by the late board of public works of the city of Chicago as the basis or datum for city levels." The objection is, that the ordinance does not show that the datum referred to was established by an ordinance. This datum is the ancient low-water mark in Lake Michigan in 1847. The mark was not created by an ordinance, and it was no more necessary to establish it in that manner than any other object from which a survey might be made or levels run. The ordinance requires the street to be graded to certain heights above that mark, and that is all that was required.

Again, it is objected that while the city proved the ordinance establishing the grade, it offered no proof that there was such an ancient low-water plane as therein referred to. It was not necessary to prove that the lake was there in 1847, or that there was a time that year when the water was low.

The sixty-third objection was, that the estimate of the cost of the improvement was for a different improvement than that authorized by the ordinance. The improvement is on Canal street for a distance of about two miles and crosses twenty-five intersecting streets. The ordinance excepts from the improvement the intersecting roadways of several of these streets and parts of the street at many other places,—in some places excepting the east half of the roadway, in others the west half and in some places the entire roadway. The estimate on its face is for the improvement of the whole street for the whole distance. This estimate of the cost of the improve-

ment is the basis for an assessment upon the property benefited, and such assessment may extend to the amount of such estimate. If the estimate includes work not embraced in the ordinance the property owner may be assessed for work not intended to be done. The apparent variance is admitted, but appellee makes two answers. The first is, that competition among contractors will fix the price of the work, and property owners in the end will pay no more than their proper share, no matter what the estimate is. It is true that property owners will not be obliged, in the end, to pay more than the cost of the improvement, or, if they have paid more, will get it back if they can; yet it is a substantial right that the lien of the special assessment shall not be greater than necessary. From the nature and necessity of the case, the assessment as spread is based upon the estimate before the work is done, and it is not intended that there shall be a judgment against the property for more than the probable cost of the improvement intended to be made, as determined from the estimate. The second answer is, that by calculating the improvement for its entire length and then calculating the exceptions contained in the ordinance and subtracting them, the estimate of the engineer and the terms of the ordinance will co-incide notwithstanding the apparent variance. The record does not furnish data for such an investigation, and there was no evidence on the hearing that the estimate was in fact for no more than the improvement provided for by the ordinance. The objection was specifically made, and appellant objected to the introduction in evidence of the ordinance and proceedings on the specific ground that the estimate provided for paving the whole of South Canal street, about two miles in length, when the ordinance provided for paving only part of it. The objection should have been sustained.

The judgment of the county court is reversed and the cause remanded. ·                    *Reversed and remanded.*