AARON B. MEAD *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed June 21, 1900.*

1. SPECIAL ASSESSMENTS—*effect of failure of estimate to state that street intersections were omitted.* That the engineer's estimate of the cost of curbing merely specifies a certain number of lineal feet of curbing, without stating that street and alley intersections were omitted, does not tend to establish a claim that the estimate included such intersections, which were excepted by the ordinance. (*Chicago Terminal Transfer Railroad Co. v. City of Chicago,* 184 Ill. 154, distinguished.)

2. SAME—*when petitioner cannot complain that objection was too general.* Where the petitioner is content to try an assessment case upon the customary objection that the ordinance did not specify the nature, character, locality and description of the proposed improvement, he cannot insist, on appeal, that the objection is too general for consideration.

3. SAME—*when description of height of curb is sufficient.* The height of the curb is sufficiently indicated by a paving ordinance which fixes such height both at the back and from the inside of the gutter at certain points and provides for a uniform slope between such points.

4. SAME—*Supreme Court cannot consider apportionment of cost of improvement.* Under section 47 of the Improvement act of 1897 the Supreme Court cannot consider the question of the correctness of the apportionment of the cost of an improvement between the city and private owners.

5. SAME—*when ordinance sufficiently fixes grade of street.* A paving ordinance is sufficient in its specification of grade which fixes the grade at certain heights above a specified low-water mark which is capable of identification.

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

MASON & NOYES, (F. S. LENERT, of counsel,) for appellants.

CHARLES M. WALKER, Corporation Counsel, ARMAND F. TEEFY, and WILLIAM M. PINDELL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellants appeared in the county court of Cook county and filed objections to the special assessment levied upon their property to pay for improving West Monroe street, in the city of Chicago, by grading and curbing the same and paving the roadway with asphalt, from the east line of the street railway right of way on South Paulina street to the east curb line of South Central avenue. Their objections were overruled and the question of benefits was then submitted to the court for trial. On that question, also, the court found for the petitioner and confirmed the assessment. The appellants ask relief from the judgment.

It is first urged that the assessment is invalid because of a variance between the estimated cost and the ordinance, both as to the combined curb and gutter and the pavement proper. Although the objections filed were very numerous, none of them raised this question in any way. The hearing was had upon the objections so filed, and it appears from the bill of exceptions that on such hearing the petitioner offered in evidence, with the other proceedings, the estimate of the engineer and a certified copy of the ordinance. The abstract shows no objection to either, but the appellants afterward objected to the *prima facie* evidence introduced by the petitioner for two additional reasons, one of which was a variance between the estimate and the ordinance as to curbing and filling. This objection as finally made did not raise any question of variance between the estimate and the ordinance, as to the roadway, which was not presented to the trial court at any time or in any manner. If appellants can present the question of variance here, it can only be as to the curbing and filling. The ordinance provides for a concrete combined curb and gutter back-filled with earth, and the supposed variance consists in the fact that the estimate of cost is for a certain number of lineal feet of

such combined curb and gutter at sixty cents per foot, while the ordinance only provides for curbing the street along the adjoining lots and blocks and not across the roadway of intersecting streets or across alleys. The ordinance provides for the curb and gutter between the specified termini except the intersections of Ogden avenue, Ashland boulevard and the roadways of all other streets crossing West Monroe street and the alleys. It is insisted that the estimate includes the building of the combined curb and gutter, with the back-filling, across these intersecting streets and alleys because it does not state that they are excepted. The estimate must be read in the light of common knowledge and experience, and we see nothing in it which indicates that the engineer included in the estimate any such impossible and unlawful construction as the running of the curb and gutter across the intersecting streets and alleys. No rational engineer would include in his estimate the building of an obstruction across Ogden avenue, Ashland boulevard or other intersecting streets or across alleys, and the mere fact that he only states the number of lineal feet of the combined curb and gutter does not tend to establish the claim that he did make such an estimate. The estimate is wholly different from the one in the case of *Chicago Terminal Transfer Railroad Co.* v. *City of Chicago,* 184 Ill. 154, where in some places the east half of the roadway, and in others the west half and in some places the entire roadway was excepted from the improvement and appeared to be included in the estimate.

The next objection argued is, that the ordinance is uncertain and indefinite as to the height of the curb. Counsel for appellee contend that we should not consider the general objection under which this question is sought to be raised because it does not specify in what particular the ordinance is claimed to be insufficient or defective. The objection is the customary one that the ordinance does not specify the nature, character, locality and de-

scription of the proposed improvement. Doubtless, if petitioner had moved the county court to do so, that court would have required the objectors to make their objections specific and point out in what respect the ordinance was lacking, but petitioner saw fit to try the case upon the general objection, and having done so can not now complain. With respect to the height of the curb, the ordinance provides that the upper surface of the finished roadway and the top edge of the curb shall coincide with the established grade of the street; that the height of the curb at the back shall vary from seventeen inches at the catch-basin inlets to nine inches at the summits; that the surface of the finished roadway at the summits in the gutters midway between catch-basins shall be four inches below said established grade of the street and the surface at the catch-basin inlets in the gutters shall be twelve inches below said grade, and that the slope of the gutters adjoining the roadway face of the curb shall be uniform from the summits to the catch-basins. The slope of the gutter flags is particularly provided for, and it is ordained that a transverse section of the finished roadway and gutter flags shall be a true arc of a circle passing through the grade of the gutter and the center of the finished roadway. We do not find any uncertainty in this description which fixes the height of the curb both at the back and from the inside of the gutter at certain points, and provides for a uniform slope between such points.

One of the objections filed is, that the city of Chicago was not assessed its proportion of the assessment although it would be greatly benefited by the improvement, and one of the objections made after the evidence was in was, that Jefferson park was assessed in the name of the West Chicago Park Commissioners and the assessment should have been against the city for a public benefit. Of course, appellants cannot object for the park commissioners, and they do not claim the right to do so, but con-

tend that the city of Chicago will be benefited and should pay a part of the cost of the improvement. John A. May, who was appointed to spread the assessment, reported that the property assessed would be benefited the whole estimated cost of the improvement, and that the city would not be benefited. The objectors had a right to submit this question to the county court, which might change or modify the distribution of the total cost between the public and the property benefited so as to secure a just and equitable distribution of such cost, but section 47 of the act concerning local improvements, governing this proceeding, in force July 1, 1897, makes the determination of the county court conclusive and not subject to review on appeal or writ of error. We cannot consider the claim that the city should have been assessed part of the cost.

The remaining objection presented here is, that the ordinance is insufficient in fixing the grade of the street. The grade is definitely fixed at certain heights above a low-water mark. The heights are to be "measured from the plane of low water in Lake Michigan of A. D. 1847, as established by the trustees of the Illinois and Michigan canal and adopted by the late board of drainage commissioners and by the late board of public works of the city of Chicago as the basis or datum for city levels." The specification is merely descriptive of the low-water mark from which levels are taken for the purpose of enabling engineers and surveyors to find and identify such mark. Whatever object or mark is selected for that purpose may, of course, be described and identified, and we see no objection to the description. *Chicago Terminal Transfer Railroad Co.* v. *City of Chicago, supra.*

The judgment of the county court is affirmed.

*Judgment affirmed.*