DANIEL HARDIN *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed June 21, 1900.*

1. SPECIAL ASSESSMENTS—*an ordinance may specify fixed object as datum for ascertaining grade.*  An ordinance is sufficient in its specification of grade which adopts a fixed datum, such as the "plane of low-water mark in Lake Michigan in 1847," as a basis for fixing the grade by measurements specified in the ordinance. (*Chicago Terminal Transfer Railroad Co.* v. *City of Chicago*, 184 Ill. 154, followed.)

2. SAME—*an ordinance need not specify kind of "filling" if no filling is provided for.*  It is no objection to the validity of a paving ordinance that it does not specify the kind of filling to be used when the street is graded, if the ordinance does not provide for filling and the engineer's estimate makes no reference thereto, since the conformation of the street may be such as not to require filling.

3. SAME—*when catch-basin provision of an ordinance is not invalid.*  Where an ordinance shows that the necessary man-holes and catch-

basins were in place along the street prior to the passage of the ordinance, the ordinance may adopt such catch-basins as objects from which to measure the height of the curb and slope of the roadway, without providing for the construction of catch-basins or specifying their location.

4. SAME—*when question of variance between estimate and ordinance is not raised.* A general objection that the estimate is void does not raise the question of a variance between the ordinance and the estimate, where the estimate is *prima facie* in proper form and the alleged variance does not go to its entire validity.

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

. MASON & NOYES, (F. S. LENERT, of counsel,) for appellants.

CHARLES M. WALKER, Corporation Counsel, ARMAND F. TEEFY, and WILLIAM M. PINDELL, for appellee.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

This is an appeal to reverse the judgment of the county court of Cook county confirming a special assessment levied under an ordinance of the city of Chicago providing for the improvement of a portion of Thirty-first street by curbing, grading and paving the roadway of such portion of the street with asphalt, adopted under the provisions of an act entitled "An act concerning local improvements," approved June 14, 1897.

A number of objections were filed in the county court, but three of which are presented to this court by the abstract, viz.: "(5) The ordinance authorizing said improvement does not specify the nature, character, locality and description of the proposed improvement; (6) said ordinance is void for uncertainty, insufficiency and informality; (35) the county court was without jurisdiction to pass upon said assessment." The last of these objections is not referred to in the brief of counsel for appellants and is deemed to be waived.

It is urged that the description in the ordinance of the nature, character, locality and description of the proposed improvement is in several respects insufficient, —first, that the specification of the grade of the street as established by the ordinance is indefinite. In this particular the ordinance is the same as that which was passed upon in *Chicago Terminal Transfer Railroad Co.* v. *City of Chicago,* 184 Ill. 154, and there held to be sufficient.

It is, however, urged, that the statute in force at the time the ordinance involved in the case cited was adopted, permitted the description of the improvement to be aided by reference to maps, plats, plans, etc., *dehors* the ordinance, and it is urged the act of 1897, under which the ordinance in the case at bar was adopted, does not authorize the description of the improvement to be so aided. In *Chicago Terminal Transfer Railroad Co.* v. *City of Chicago, supra,* speaking of an ordinance identical, in the respect under consideration, with the one at bar, we said (p. 156): "This datum [adopted as the standard for measurements specified in the ordinance] is the ancient low-water mark in Lake Michigan in 1847. The mark was not created by an ordinance, and it was no more necessary to establish it in that manner than any other object from which a survey might be made or levels run. The ordinance requires the street to be graded to certain heights above that mark, and that is all that was required." Without deciding the contention of the appellants that an ordinance framed under the act of 1897 may not, in describing the improvement, refer to maps, plans, etc., it is sufficient for the purposes of this case to say that the ordinance under consideration adopted the "plane of low-water mark in Lake Michigan in 1847" as the datum or basis for fixing the grade of the street and for other measurements specified in the ordinance, and this description was, as held in *Chicago Terminal Transfer Railroad Co.* v. *City of Chicago, supra,* definite and sufficient. True, the ordinance at bar, as did the ordi-

nance in the case last cited, recited said plane of low water mark of 1847 had been adopted by the board of public works of the city of Chicago and the trustees of the Illinois and Michigan canal; but the plane of low water mark in Lake Michigan in 1847 was not created by the act of the board of public works or of said trustees but by the operation of the laws of nature, and constituted an object or monument from which surveys might be made or levels run independent of the action of said board or trustees, and as we said in *Cunningham* v. *City of Peoria*, 157 Ill. 499, the fact that reference is made to documents on file in the office of the department of public works in nowise invalidates the specification of the improvement, which is already sufficiently full and precise.

It is next complained that though the ordinance provides the roadway of the street shall be graded and shall coincide with the established grade of Thirty-first street, it does not prescribe "what kind of filling" shall be used. This objection rests upon the unwarranted assumption that "filling" of some character must necessarily be used. The ordinance does not provide for the use of any filling, and the estimate made by the engineer of the cost of the improvement makes no reference to any filling. The conformation of the surface of the ground on which the street is laid may be such that filling is not required in order to bring the street to the grade level. Counsel for appellants do not contend that it appears from the ordinance that filling will be required in order to bring the surface of the street to the grade, though they insist "it is not a violent supposition that some filling will be required." If we indulged in any supposition it would be that, as the ordinance did not provide for any filling and the engineer did not estimate that any filling would be necessary, the surface of the street could be brought to the requisite grade by reducing the natural level of the ground to the level or degree of inclination necessary to. conform to the grade required by the ordinance.

It is next urged the height of the curb is not specified. The ordinance contains all the data which in *Claflin* v. *City of Chicago*, 178 Ill. 549, were declared to be necessary in order to determine the height of the curb. Counsel for appellants are in error in asserting that the "pitch" or inclination of the surface of the roadway which was shown in the *Claflin case* is not shown in the ordinance at bar. The ordinance provides the center of the roadway of the street shall coincide with the established grade of Thirty-first street, before specified in the ordinance, and further provides the top of the curb shall coincide with the established grade of the street or height of the center of the roadway of the street, and that the surface of the roadway in the gutters at the catch-basins shall be twelve inches below the grade of the center of the street, and that the surface of the roadway in the gutters midway between the catch-basins shall be four inches below said grade line of the center of the street, and the "slope of the gutters adjoining the roadway face of said curb and said curb walls shall be uniform from the summits to the catch-basins," and "a transverse section of the said finished roadway and said gutter-flags * * * shall be a true arc of a circle passing through said gutter grade and the center of the grade of said finished roadway." The "pitch" or slope of the street is therefore clearly defined.

Counsel for appellants are also in error in the position that the description of the improvement is indefinite in that the catch-basins are referred to in the description of the improvement as a base or monument for determining the height of the curb and the slope of the roadway, and that the ordinance does not require any catch-basins shall be constructed and does not set forth the place of location of any catch-basins. The ordinance shows that the necessary man-holes and catch-basins had been constructed prior to the adoption of the ordinance and were in place along the street, and the ordinance provides

such catch-basins shall be raised or lowered to make them conform to the finished roadway. The catch-basins could, therefore, be adopted as objects from which to frame the description of the improvement.

The contention that the ordinance does not specify the height of the curb walls "above the street" is not tenable. This objection involves the assumption the curb walls must necessarily extend above the surface of the street. The ordinance provides the curb walls shall be three feet three inches wide at the bottom, eighteen inches wide at the top and nine feet in height, and the "top of said curb walls to be eight inches below the established grade of said Thirty-first street."

The objection there is a variance between the estimate of the cost of the improvement and the ordinance in regard to the combined curb and gutter was not raised in the trial court. A general objection that the estimate of the cost of the improvement is void does not raise the question of a discrepancy between the ordinance and the estimate, where the estimate is *prima facie* in proper form and the alleged variance does not go to its entire validity. (*Chicago Terminal Transfer Co.* v. *City of Chicago*, 178 Ill. 429.) Moreover, the objection does not appear from the abstract furnished by appellants. It cannot be here considered.

The contention of counsel, vigorously presented in their brief but not included in the assignment of errors as abstracted, that the estimate of the engineer is void for the reason it was made under an order entered by the board of local improvements before the board had adopted the first resolution required under the provisions of section 7 of the act of June 14, 1897, was considered by this court in *Givins* v. *City of Chicago*, (*ante*, p. 399,) and decided adversely to the view taken by counsel.

The judgment is affirmed.        *Judgment affirmed.*