W. E. ROLLO *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 19, 1900.*

1. SPECIAL ASSESSMENTS—*engineer's estimate of cost of lineal feet of curb presumed to be based on ordinance.* If a paving and curbing ordinance excepts street and alley intersections from the amount of curbing required, it will be presumed the engineer's estimate for a certain number of lineal feet of curbing omits the street and alley intersections, although it is not so expressly stated.

2. SAME—*effect of failure of paving ordinance and estimate to provide for filling.* If no provision for filling is contained in the ordinance or estimate, it will be presumed, on appeal, that the engineer, from an examination, had determined that no filling would be necessary.

3. The objections that the height of the curb and the grade of the street are not sufficiently established by the ordinance under consideration are determined adversely to appellants under the authority of *Mead* v. *City of Chicago,* 186 Ill. 54.

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

MASON & NOYES, (FRANK S. LENERT, of counsel,) for appellants.

CHARLES M. WALKER, Corporation Counsel, ARMAND F. TEEFY, and WILLIAM M. PINDELL, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a special assessment proceeding for the improvement of Honore street, in the city of Chicago, from the south line of West Madison street to the south curb line of West Adams street, by curbing, grading and paving the roadway of the street between said points with asphalt. Appellants' property was assessed. They appeared and filed objections, which were overruled, the assessment was confirmed and they have appealed.

The ordinance provides a granite concrete combined curb and gutter shall be constructed on each side of the roadway of Honore street between the south line of West

187—27

Madison street and the south curb line of West Adams street, except across the roadways of intersecting streets and alleys between said points. The description in the estimate in regard to combined curb and gutter is as follows: "Granite concrete combined curb and gutter, lineal feet, 2064.07, at 60c, $1238.44." It is argued by appellants there is a variance between the ordinance and the estimate of the engineer in this: that the engineer has estimated the cost of the curb and gutter for the whole distance of the improvement, including streets and alleys, while the ordinance excludes the streets and alleys. How are we to determine the matter? No data are given from which we can ascertain the distance between the south line of West Madison street and the south curb line of West Adams street on Honore street, or the number or the width of the intersecting streets and alleys between said points. We will presume the officer making the estimate did his duty and that his estimate is correct, until the contrary is shown. We held in *Mead* v. *City of Chicago*, 186 Ill. 54, that the engineer's estimate of the cost of curbing, which specified a certain number of lineal feet without stating that street and alley intersections were omitted, did not tend to establish that the estimate included such intersections which were excepted by the ordinance.

It is further objected that the height of the curb, which is a part of the combined curb and gutter upon each side of the roadway, is not given, and for that reason the ordinance is void. With respect to the height of the curb the ordinance provides that the upper surface of the finished roadway and the top edge of the curb shall coincide with the established grade of the street; that the height of the curb at the back shall vary from seventeen inches at the catch-basin inlets to nine inches at the summits; that the surface of the finished roadway at the summits in the gutters midway between catch-basins shall be four inches below said established grade of the

street and the surface at the catch-basin inlets in the gutters shall be twelve inches below said grade, and that the slope of the gutters adjoining the roadway face of the curb shall be uniform from the summits to the catch-basins. The slope of the gutter-flags is particularly provided for, and it is ordained that a transverse section of the finished roadway and gutter-flags shall be a true arc of a circle passing through the grade of the gutter and the center of the finished roadway. Here are given all the data necessary to determine the height of the curb. This, under the authority of *Claflin* v. *City of Chicago*, 178 Ill. 549, and *Mead* v. *City of Chicago, supra,* is sufficient.

It is claimed that the grade of the street as established by the ordinance is insufficient. The ordinance fixes the grade for the entire length of the improvement at certain heights above datum, and provides: "The above heights, as fixed, shall be measured from the plane of low water in Lake Michigan of A. D. 1847, as established by the trustees of the Illinois and Michigan canal, and adopted by the late board of drainage commissioners and by the late board of public works of the city of Chicago as the base or datum for city levels." Under the authority of *Chicago Terminal Railroad Co.* v. *City of Chicago*, 184 Ill. 154, and *Mead* v. *City of Chicago, supra*, the ordinance, in that particular, is sufficient.

It is also said that in case filling is necessary in the preparation of the sub-grade, the contractor cannot know from this ordinance what kind is required, hence he can not make an intelligent bid for the work. The ordinance does not call for any filling and none is provided for in the estimate. We will presume that the engineer, from an examination, determined that no filling was necessary, or it would have been provided for in the ordinance and estimate.

The objections made do not warrant a reversal, and the judgment of the county court is affirmed.

*Judgment affirmed.*