Merlo v. Johnston City & Big Muddy C. & M. Co., 173 Ill. App. 425.

propositions the verdict should be not guilty. This instruction was very misleading. It was not the conditions of the mule or the general character or tendency of the mule that was in question, but it was as to whether or not he was a kicking mule. We think the court did right in refusing these instructions.

That the mule in question in this case was vicious, and even kicked and attempted to injure its drivers there can be no question. The knowledge possessed by the appellant and appellee as to the viciousness of this mule were questions of fact to be determined by the jury, and the jury was fully advised by the instructions that if the appellee knew of the vicious habits of the mule in question, and continued to work with him after having such knowledge, that he assumed the risk and could not recover, but that if he did not know of the vicious habits and the appellant did and failed to advise appellee, then he could recover; these questions of fact having been determined by the jury we have no right or authority to interfere with the verdict unless we can say it is manifestly against the weight of the evidence, which we are unable to do in this case, and the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*

----

**Francisca Merlo, Appellee, v. Johnston City & Big Muddy Coal & Mining Company, Appellant.**

1. APPEALS AND ERRORS—*waiver.* Where on appeal the argument of counsel is confined to the refusal of the court at the close of the evidence to direct a verdict, all other alleged errors are waived.

2. MINES AND MINERS—*purpose of statute.* The purpose of the mining statute is to protect the miner from exposures to dangers, and from his own carelessness; to keep him away from dangers to which he will be exposed in the line of his employment, until they are removed.

3. MINES AND MINERS—*wilful violation of statute.* It is a wilful violation of the mining statute to permit a man, not under the direction of the mine manager, to enter a mine to work where dangerous conditions exist to which he will be exposed.

4. MINES AND MINERS—*contributory negligence.* Contributory negligence is no defense in a personal injury suit against a mine owner, who wilfully violated the mining statute by permitting an employe to enter the mine, knowing that it was in a dangerous condition.

5. MINES AND MINERS—*personal injuries.* In an action to recover for the death of a miner, the defendant cannot set up as a defense, that the deceased went to the dangerous place with full knowledge thereof and against the directions of the superintendent, where he had been permitted to enter the same in wilful violation of the mining statute.

6. MINES AND MINERS—*effect of notices to keep out.* The fact that dangerous places in a mine have been marked, as notice to keep out, does not relieve the owner of the obligation imposed by the mining statute, not to permit an employe to enter until all the conditions are made safe.

7. MINES AND MINERS—*directing verdict.* Where the evidence tends to show that the proximate cause of the death of the plaintiff's husband was the wilful failure of the defendant to comply with the mining statute, in permitting him to enter the mine to work, not under the direction of the mine manager, when a dangerous condition existed, before it had been made safe, it is not error to refuse to direct a verdict for the defendant.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Williamson county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 21, 1912. Rehearing denied June 13, 1912.

DENISON & SPILLER, for appellant; MASTIN & SHERLOCK, of counsel.

HARTWELL & WHITE, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Appellee recovered a judgment for damages claimed to have been sustained by her on account of the death of her husband, Frank Merlo, which occurred in the

coal mine of appellant where he was employed as a miner.

Numerous errors are assigned upon the record but the argument of counsel for appellant is confined to the refusal of the court at the close of the evidence to direct a verdict for appellant.  This is a waiver of all other alleged errors (Joliet R. R. Co. v. Linn, 93 App. 535; Hardin v. City of Chicago, 186 Ill. 424; Keyes v. Kimmel, 186 Ill. 109) and presents the sole question whether there was evidence fairly tending to prove the plaintiff's case as alleged in any count or counts of the declaration.  If there was, the court did not err in refusing to direct a verdict, and the judgment must be affirmed.

It is contended by appellant that the undisputed evidence shows conclusively that appellee had done all the law required of it to keep the deceased out of his working place until the same had been made safe, and that no breach of duty alleged in the declaration was shown to have been the proximate cause of his death.

It was charged in the several counts of the declaration that the entries where Merlo was employed were in a dangerous condition from quantities of deleterious air, standing powder, smoke and gas, which were liable to and did explode and kill him, and the divers breaches alleged in the several counts as causing his death were a wilful failure to force currents of air into his working place, wilfully permitting him to enter the mine to work, not under the direction of the mine manager, before all conditions had been made safe, and a wilful failure to build stoppings in the cross cuts connecting the inlet and outlet air courses in a substantial manner with brick or other suitable material, but made such stoppings of lumber and used them as permanent stoppings contrary to the statute.

The evidence was, that the mine of appellant was a large one in which some four hundred men were employed.  The working place of Merlo was at a place

428    APPELLATE COURTS OF ILLINOIS.

Merlo v. Johnston City & Big Muddy C. & M. Co., 173 Ill. App. 425.

called the 7th and 8th south entries off the 4th east entry, and at the time, he (with two others) was engaged in driving onward the 7th and 8th entries. Gas had been accumulating about the face of these entries for some days, a fact well known to appellant. It was an explosive and dangerous gas liable to explode when coming in contact with an ordinary miner's lamp. The air courses could not supply sufficient air to the faces of these entries to drive away the gas, and appellant had devised other means in an effort to accomplish that purpose. On the morning or night before the accident the mine examiner had found gas at the face of the 7th entry and had put up notices to that effect as notice to keep out. The examiner before Merlo entered the mine had reported this condition to the mine manager. The superintendent who had learned of the dangerous condition from the record book and from a note made by the examiner before Merlo went into the mine, went down on a cage in advance of Merlo for the purpose of having the gas brushed out of the entry by a gas brusher, which was one of the methods employed by appellant to get rid of the gas. The superintendent testifies that Merlo came down from the surface the first or second cage after him; that he talked with him at a place called the "office" in the main entry; that he told him he was going to send a man to brush the gas out of the entry and for him to sit down there and wait until the gas was brushed out of his place and the place made safe for him; that Merlo could speak English and said "all right."

The evidence further shows that before the gas brusher got to the place to brush out the gas, there was an explosion in one or the other or both the 7th and 8th south entries which resulted in the death of Merlo whose body was found in the 8th entry some eighteen feet from the face of the 7th entry and near the last cross cut. He had gone there ahead of the gas brusher. Upon the evidence thus briefly recited

did appellant do all the law required of it to keep
Merlo out of his working place until it had been made
safe?

Clause B. of Sec. 18 of the Mining Statute, pro-
vides: "No one shall be allowed to remain in any part
of the mine through which gas is being carried into
the ventilating currents nor to enter the mine to work
therein except under the direction of the mine man-
ager, until all conditions have been made safe." Be-
fore Merlo entered the mine it was well known to ap-
pellant that Merlo's working place was in a highly
dangerous condition yet he was permitted to enter
to work therein without being under the direction of
the mine manager and before conditions had been
made safe. It is argued that to give the statute a lit-
eral construction would be unreasonable because it
would be impossible to operate a coal mine lawfully
where several hundred men are employed if none were
permitted to enter until every dangerous condition
has been made safe. Such a construction would be
unreasonable and not within a fair interpretation of
the statute. To say that a man should not be per-
mitted to enter the mine until some dangerous place
distant from his working place and to which danger
he would not be exposed, should be made safe, would
be absurd. The purpose of the law is to protect the
miner from exposure to dangers and from his own
carelessness; to keep him away from dangers to which
he will be exposed in the line of his employment until
they are removed. If he is kept out of the mine there
will be no exposure to dangers. We think it is no
strained construction to hold, that it is a wilful viola-
tion of the statute to permit a man to enter a mine to
work where dangerous conditions exist, and to which
dangers he will be exposed, not under the direction of
the mine manager. The entries where Merlo was

430     Appellate Courts of Illinois.

Merlo v. Johnston City & Big Muddy C. & M. Co., 173 Ill. App. 425.

killed were his working place, highly dangerous conditions existed there, and he was permitted to enter the mine to work therein not under the direction of the mine manager. Assuming that he went to the dangerous place after being permitted to enter the mine with full knowledge of its dangers, against the direction of the superintendent and that this was contributory negligence, it is no defense against the wilful failure of appellant to permit him to so enter the mine. (Kellyville Coal Co. v. Strine, 217 Ill. 516; Peebles v. O'Gara Coal Co., 239 Ill. 370.)

That Merlo was killed by the explosion of the gases constituting a dangerous condition is shown, and it is shown that such explosion was the proximate cause of his death. That such explosion proceeded from the dangerous condition and Merlo's contributory negligence operating together is no defense if the wilful failure of appellant concurred with such negligence. (Waschow v. Kelly Coal Co. 245 Ill. 520, and cases cited.) And the fact that marks were placed there by the mine examiner as notices to keep out did not relieve appellant from the obligation not to permit Merlo to enter the mine to work until all conditions had been made safe.

The evidence tended to prove that the proximate cause of the death of Merlo was the wilful failure of appellant to comply with the statute in permitting him to enter the mine to work not under the direction of the mine manager when a dangerous condition existed, before it had been made safe, as alleged in the second and fourth counts of the declaration, and there was no error in refusing to direct a verdict for appellant.

The judgment is affirmed.

*Affirmed.*