Hackman v. Village of Staunton.

---

### Henry Hackman et al.
### v.
### Village of Staunton.

*Municipal Corporations—Incurring of Liabilities by—Provisions of Incorporation Act.*

In an action brought to recover from a municipal corporation a sum named, plaintiffs' claim being based upon the alleged liability of defendant to compensate them in part for the expense of building a sidewalk in front of their property therein, a motion at a meeting of the village board to allow a certain sum being passed without a call of the yeas and nays, the bill of plaintiffs in such sum being rejected at a subsequent meeting, when an allowance of one-half thereof was passed upon a call of the yeas and nays, said sum being paid, the statute under which the village was organized providing that "the yeas and nays shall be taken upon * * * all propositions to create any liability against the city," this court declines, in view of the evidence, to interfere with the judgment for the defendant.

[Opinion filed December 3, 1891.]

Appeal from the Circuit Court of Macoupin County; the Hon. J. A. Creighton, Judge, presiding.

Messrs. R. E. Dorsey and A. N. Yancey, for appellants.

Mr. R. B. Shirley, for appellee.

Wall, P. J. This suit was brought by the appellants against the appellee to recover the sum of $150.

The plaintiffs' claim was based upon the alleged liability of the village to compensate them in part for the expense of building a granitoid sidewalk in front of their property in the village. The case was tried by the court without a jury, by consent, and the issues were found for the defendant. Judgment was rendered against the plaintiffs for costs from which the present appeal is prosecuted.

It appears that the plaintiffs presented a petition to the village board in which it was set forth that they desired to build in front of their business block, then in course of construction, a granitoid sidewalk which would cost about $600, and that they wished the village to bear a part of such expense. Thereupon a motion was carried that $300 be allowed for said walk.

The plaintiffs built the walk, and at a subsequent meeting of the village board the bill of plaintiffs was rejected, and on motion, the sum of $150 was allowed, which was paid. The motion to allow $300 at the first meeting was passed without a call of the yeas and nays. The motion at the subsequent meeting to allow $150 was passed upon a call of the yeas and nays duly recorded.

The statute under which the village was organized, Sec. 13, Art. 3, Chap. 24, R. S., provides that "the yeas and nays shall be taken upon the passage of all ordinances, and on all propositions to create any liability against the city, or for the expenditure or appropriation of its money, and in all other cases, at the request of any member, which shall be entered on the journal of its proceedings, and the concurrence of a majority of all the members elected in the city council shall be necessary to the passage of any such ordinance or proposition: Provided, it shall require two-thirds of all the aldermen elect, to sell any city or school property."

This would seem to be a complete answer to the present

claim.   The petition of the plaintiffs at the first meeting and the motion then adopted most certainly involve a proposition to create a liability against the corporation, and since the limitations of the statute are absolutely controlling, it is difficult to see by what process of reasoning any liability can arise in such case where the statute has not been complied with.   It is urged that by virtue of the motion so carried, an executory contract was created which, having been executed by the plaintiffs, creates a liability on the part of the corporation, but this is expressly forbidden by the statute.   No argument can arise where the statute is so plain and direct.

It is also argued that by the action of the board at the second meeting two items of $150 each were allowed, and as only one has been paid, the plaintiffs should have judgment for the other.   This position is based upon a misconception of the record made at that meeting.

It appears that, as already stated, the bill of plaintiffs was rejected; then that "the following bills were allowed and ordered paid," setting out some sixteen different items, the last of which was a bill in favor of the plaintiffs for $150; then next a motion to allow the plaintiffs $150 for their sidewalk, with the yeas and nays thereon.   Obviously this shows but one allowance.   The yeas and nays were not taken on more than one item in favor of the plaintiffs.   The whole record, when considered together, makes it clear that this was all the board intended.   The judgment will be affirmed.

*Judgment affirmed.*