## William T. Nazworthy v. The City of Sullivan et al.

1. NUISANCE—*What is*—*Old Buildings.*—An old dilapidated building situated upon a principal street of a city, unfit for human habitation or other lawful use, devoted to no use or purpose, a resort for tramps and disorderly persons, a source of serious discomfort and annoyance to the public and of actual danger to useful and valuable property of the community within range of its influence, is a public nuisance.

2. SAME—*Power of Cities to Abate.*—Under subdivision 75, Sec. 63, Art. 5, Chap. 24, R. S. (Hurd's Statutes 1891, 258), cities are vested with ample power to declare dilapidated and abandoned buildings nuisances and to abate them as such.

3. CITIES AND VILLAGES—*Power to Abate Nuisances.*—The statute which clothes cities and villages with power to abate nuisances does not prescribe any particular mode by which the power shall be exercised, but merely declares its prerogative to pass all ordinances, rules and regulations necessary to carry into effect the powers given.

4. SAME—*Ordinance—When Necessary.*—An ordinance is necessary when a city designs to prescribe a general and permanent rule, to have the future operation and effect of a local law.

5. SAME—*Abatement of Nuisances—Ordinance Not Necessary.*—Cities and villages are authorized by general statute, to declare so, anything which is in fact in its nature a public nuisance and to abate it. It is not indispensable under the statute that this power shall be exercised only in pursuance of an ordinance. The authorities may proceed by resolution. In such case a resolution is as effective as an ordinance.

6. SAME—*Abatement of Nuisances.*—Where the nuisance consists of the use of a structure, the law will not justify its destruction. The cause of the offense is alone to be removed.

7. SAME—*Power to Abate Nuisances Without the Judgment of a Court.*—The summary abatement of nuisances is a remedy which has ever existed in the law, and its exercise is not regarded as in conflict

with constitutional provisions for the protection of the rights of personal property.

**Memorandum.**—Trespass.   In the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding.   Declaration in trespass; the pleas are stated in the opinion of the court; demurrer to pleas over-ruled, judgment and appeal.   Heard in this court at the November term, 1893, and affirmed.   Opinion filed April 28, 1894.

## STATEMENT OF THE CASE.

The action below was trespass by the appellant.   The declaration in substance charged that the defendants broke and entered a certain close of the appellant and tore down and demolished a frame building belonging to the appellant there situated.   The defendants below, appellees here, filed among other pleas, plea No. 3, which as finally amended is as follows:   "And for a further plea in this behalf, defend ants say *actio non*, because they say that the defendant, city of Sullivan, at the time when, etc., was and still is an in-corporated city, and the house alleged to have been torn down, etc., in the several counts of plaintiff's declaration, was at the time when, etc., situate within the corporate limits of said city of Sullivan.   And defendants further allege the facts to be that on, to wit, at the city aforesaid the plaintiff moved an old dilapidated building and left the same standing near to one of the main streets of said city, and near to a church building in said city, in use as a place of public worship and in close proximity to many houses situate in the corporate limits of said city, and occupied by peaceable and orderly citizens of said city, which is the same house in plaintiff's declaration mentioned.   And defendants further aver that plaintiff did not occupy or use said building as a residence or otherwise, and the same was then and there wholly unfit for human habitation or for any lawful use.   And said building at the time when, etc., and for a long time prior thereto, to wit, for the space of six months, had become and was the resort of tramps and disorderly persons and the same became and was dangerous on account of the pres-ence of such tramps and disorderly persons to the inhab-

itants of said city residing near the same, and on account of the use of said building by such disorderly persons, there was at the time when, etc., great danger that said building would be burned and communicate fire to other buildings and residences near to the same, and said building for the reason aforesaid became and was a public nuisance, and therefore at the time when, etc., at etc., to wit, on the 18th day of July, A.D. 1892, the municipal authorities of said city, in pursuance of the statute in such cases made and provided, at a meeting of the council of said city, then had and held, at their chambers in the city of Sullivan, by resolution declared that the wooden one-story building, situate on lots 11 and 12, block 8, of Campfield's Railroad addition to the town (now city) of Sullivan, Illinois, the same being immediately west of the First Free Methodist church on Harrison street, to be a nuisance, and ordered it removed accordingly, which resolution was adopted by a 'yea' and 'nay' vote of said council, which is the same building in plaintiff's declaration mentioned, and afterward the marshal of said city gave to the plaintiff a notice in writing to remove said building within ten days from the date of service of said notice, and that plaintiff having received said notice, and ten days after the receipt thereof having elapsed, and plaintiff having failed and refused to remove said building, the defendants Dedman, Dowdy, Light and Rawson, acting under the authority of the aforesaid resolution, proceeded to abate said nuisance, as they lawfully might, doing no more harm to said building than was necessary to be done in order to abate said nuisance; which are the same supposed trespasses complained of in plaintiff's declaration." Appellant's demurrer to this plea was overruled. He elected to abide the demurrer and the court rendered judgment for the defendants, to which action of the court the appellant excepted and appealed to this court.

APPELLANT'S BRIEF, SPITLER & HUDSON AND MILLS BROS., ATTORNEYS.

The doctrine that a house, not of itself a nuisance, can not be lawfully destroyed by private persons, because the

use to which it is put is a public nuisance, as where persons assemble therein for immoral or unlawful acts, is well settled by numberless cases decided by the leading courts of this country. Gray v. Ayers et al., 7 Dana 375; 32 Am. Dec. 107; Barclay v. Commonwealth, 25 Penn. 503; 64 Am. Dec. 715; Welch v. Stowell, 2 Doug. (Mich.) 332; Brown v. Perkins, 12 Gray 89; Moody v. Supervisors, 46 Barb. (N. Y.) 659; Brightman v. Inhabitants of Bristol, 65 Me. 426; 20 Am. Rep. 711.

JOHN R. EDEN, attorney for appellees.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The structure or the ruins of a structure described in the plea, situated, as it was, upon one of the principal streets of the city, unfit for human habitation or other lawful use, devoted to no use or purpose, a resort for tramps and disorderly persons, was a source of serious discomfort and annoyance to the public and of actual danger to useful and valuable property of the community within the range of its influence. It was within every definition of the term a public nuisance. It can not be said that it was the use made of the building that was the ground of offense for it was not devoted by the owner or with his consent to any use and was unfit for use. The primary cause of public annoyance and danger was the decayed, dilapidated, ruined and abandoned condition of the building. Tramps frequented it because of its character, nature and condition. The city was vested with ample power to declare it a nuisance and to abate it as such. Subdivision 75, Sec. 63, Art. 5, Chap. 24, R. S. The statute which clothed the city with this authority did not prescribe any particular mode through or by which the power should be exercised by the city, but declared its prerogative "to pass all ordinances, rules and regulations necessary to carry into effect the powers given." Subdivision 95, Section 63, Article 5, Chapter 24, Revised Statutes. An ordinance is necessary

when a city designs to prescribe a general and permanent rule
to have future operation and effect as a local law.   Such cor-
porations are authorized by our general statute to declare
anything a nuisance which is in fact in its nature so, and to
abate it, and it is not indispensable under this statute that the
power should be exercised only in pursuance of an ordinance.
When an act, such as the abatement of a thing, which in its
nature is in fact a public nuisance, is to be done, a city, if
authorized by the statute to do the act, may proceed by reso-
lution of the city council.   In such cases a resolution is as
effective as an ordinance.   17 Amer. & Eng. Ency. of Law,
236; 4th Ed. Dillon on Municipal Corporations, note to page
384.   It is urged that the demolition of the building was
illegal and unjustifiable.   If the nuisance consisted of the
use made of the structure, clearly the law would not justify
the destruction of the building, but the cause of the offense
should alone be removed.   As we have seen, it was the
nature, character and condition of the ruins of the building
which created the nuisance.   Hence the demolition of the
structure itself was justifiable under the general grant of
power given the city by the statute.   Beach on Public Cor-
porations, Vol. 2, Sec. 1022, and cases cited, Note 142.   But
it is urged that the city had no power to demolish the build-
ing except in pursuance of the judgment of a court in the
course of a legal proceeding instituted for that purpose.
The doctrine announced by our Supreme Court in King et al.
v. Davenport, Ex'r, 98 Ill. 305, is here in point.   It was there
said :   " But the particular respect in which the ordinance
is assailed is that it authorizes the abatement of the nuisance
summarily and without prior adjudication of the right to
exercise it."   The summary abatement of nuisances is a
remedy which has ever existed in the law, and its exercise is
not regarded as in conflict with constitutional provisions
for the protection of the rights of personal property."
Formal legal proceedings and trial by jury are often inap-
propriate, and wholly inadequate in cases where public
safety demands an immediate remedy.   Counsel for appel-
lant cite and rely with confidence upon the opinion of the
Supreme Court of the United States in Yates v. Milwaukee,

10 Wall. 505, in support of the position that the city could not lawfully order the structure to be torn down. We have examined the case. All that is there ruled is that the mere declaration of a city council that a given structure is a nuisance, does not constitute it a nuisance in fact and subject it to removal by a person aggrieved or by the city itself. In the case at bar the defendants (appellees) did not seek to shield themselves behind the mere declaration of the city council that the structure constituted a nuisance, but plead and specified in detail, facts from which the unlawful character of the building appeared. The appellant by his demurrer admitted the truth of these facts and in legal effect conceded that he had created and was maintaining a nuisance, and had refused to abate it after reasonable notice so to do, and submitted to the court for its judgment as a point in law, whether the city had proceeded lawfully in abating it. We are of opinion that the facts set forth in the plea constituted a justification for the acts charged in the declaration. The judgment of the Circuit Court is affirmed.