The Chicago and Northern Pacific Railroad Co.

*v.*

The City of Chicago.

*Opinion filed October 24, 1898.*

1. Special assessments—*ordinance referred to as fixing grade must be then in existence.* An ordinance providing that a pavement be laid to conform to the established grade of the street "as shown by an ordinance fixing the grade of said street, now on file in the office of the city clerk," while *prima facie* sufficient in its description of the grade is fatally defective if it appears the ordinance so referred to was not then in existence; nor can the defect be cured by the subsequent passage of an ordinance fixing the grade.

2. Ordinances—*ordinance can be amended only by an act of equal dignity.* An ordinance cannot be amended, repealed or suspended by an order or resolution, or other act by the council of less dignity than the ordinance itself.

3. Municipal corporations—*grade of street must be established by ordinance.* The act of a city council in establishing the grade of a street is legislative in character, and must be put in the form of an ordinance, and not a mere resolution or order.

Appeal from the County Court of Cook county; the Hon. W. T. Hodson, Judge, presiding.

On March 15, 1897, the city of Chicago passed an ordinance, providing for the curbing, filling and paving of West Taylor street in that city from the west curb line of California avenue to the east curb line of Kedzie avenue, and that the cost of said improvement should be paid by special assessment. The usual proceedings were taken for the levying of the special assessment to pay for said improvement, and objections were urged by the appellant company to the legality of these proceedings. These objections were overruled by the county court, and the assessment was confirmed after verdict by a jury. The present appeal is prosecuted from such judgment of confirmation.

West Taylor street runs east and west, and is intersected by California avenue, Francisco street, Sacramento

avenue, Albany avenue and Kedzie avenue, which all run north and south, California avenue being the easternmost of such intersecting avenues, and Kedzie avenue being the westernmost thereof, and the three others above named being between California avenue on the east and Kedzie avenue on the west.

K. K. Knapp, and Mark Breeden, Jr., for appellant.

Charles S. Thornton, Corporation Counsel, John A. May, and Stuart G. Shepard, for appellee.

Mr. Justice Magruder delivered the opinion of the court:

Section 1 of the ordinance, providing for the improvement, by curbing, filling and paving, of West Taylor street between California avenue on the east and Kedzie avenue on the west, contains the following provision: "Said pavement to be laid to conform to the established grade of said West Taylor street between said points, as shown by an ordinance fixing the grade of said street now on file in the office of the city clerk." The provision above quoted is the only provision in said ordinance, which in any way refers to, or describes, the grade of the portion of West Taylor street to be paved. It will be observed, that the reference is to "an ordinance fixing the grade of said street, now on file in the office of the city clerk."

Section 19 of article 9 of part 1 of the City and Village act provides that, whenever a local improvement is to be made wholly or in part by special assessment, the city council in cities "shall pass an ordinance to that effect, specifying therein the nature, character, locality and description of such improvement, either by setting forth the same in the ordinance itself, or by reference to maps, plats, plans, profiles or specifications thereof on file in the office of the proper clerk or both." (1 Starr & Curt. Ann. Stat.—2d ed.—p. 751). The statute nowhere authorizes a reference to an ordinance as indicating the nature,

character, locality or description of the improvement.  It specifically requires, that the ordinance providing for the improvement shall either make such specification in the ordinance itself, or shall refer to maps, plats, plans, profiles or specifications thereof on file in the office of the proper clerk, etc. · In *City of Carlinville* v. *McClure*, 156 Ill. 492, we said, that the grade of the street must be made to appear, in order to show what amount of excavation and filling respectively are required to be made in the construction of the improvement;  and that "a reference to an ordinance, monument, instrument or other fixed thing that locates and witnesses that grade will suffice."  (*Washington Ice Co.* v. *City of Chicago*, 147 Ill. 327;  *City of Bloomington* v. *Pollock*, id. 346).  In the recent case of *Chicago and Northern Pacific Railroad Co.* v. *City of Chicago*, 172 Ill. 66, where the ordinance for an improvement provided that the pavement was "to be laid to conform to the established grade of Ashland avenue as shown by an ordinance establishing the grade of said street now on file in the office of the city clerk," reference was made to the case of *City of Carlinville* v. *McClure*, *supra*, and the statement made in the latter case, that a reference to an ordinance would suffice, was endorsed and approved of.  These decisions, which thus justify a reference to an ordinance, in order to determine the grade of the street, proceed upon the theory, that the ordinance referred to shall be as definite and certain in its description of the grade, as though reference was made to a map, plat, plan, profile or specification.  Upon the authority of the two cases of *City of Carlinville* v. *McClure* and *Chicago and Northern Pacific Railroad Co.* v. *City of Chicago*, *supra*, the ordinance here must be regarded as sufficient upon the face of it in its description of the grade of the street.

Upon the trial, however, of the case, the appellant proved that no ordinance was ever passed by the city council of the city of Chicago, fixing the grade of West Taylor street along the line of the proposed improve-

ment. Whether it devolved upon the appellee, the city of Chicago, to prove in the first place the existence of the ordinance establishing the grade, as referred to in the ordinance providing for the improvement, or whether it was the duty of the appellant to show the absence of such ordinance, it is not necessary here to inquire. It is sufficient to say, that the proof, showing such absence, was made by the appellant. To rebut this proof, appellee introduced in evidence an ordinance, passed by the city of Chicago on June 21, 1897, and approved June 24, 1897, by the mayor. This ordinance provided, that the grade of West Taylor street between Kedzie and California avenues in Chicago should be on certain lines; and it recited in its body, that it was intended thereby to remove any ambiguity that might exist in the ordinance passed by the city council in January, 1897, being the same ordinance providing for the improvement and heretofore designated as having been passed on March 15, 1897. The introduction of the ordinance of June 21, 1897, was objected to by the appellant, upon the ground that it was passed subsequently to the passage of the ordinance of January or March, 1897, providing for the improvement. This objection was valid, and should have been sustained. The ordinance providing for the improvement referred to the established grade of West Taylor street as shown by an ordinance fixing such grade then on file in the office of the city clerk, that is to say, on file in the office of the city clerk in January or March, 1897, when the ordinance providing for the pavement of the portion of West Taylor street above indicated was passed. The common council has no power to cure a defect in the original ordinance by creating after its passage a street grade, which did not exist at the time of its passage.

Counsel for the city also introduced in evidence three ordinances, the first of which fixed the grades of Kedzie avenue, Albany avenue, Sacramento avenue and Francisco street at their intersections with West Taylor street; the

second of which fixed the grade of certain streets east of California avenue and at their intersections with West Taylor street; and the third of which fixed the grade of California avenue at the intersection of certain streets north and south of West Taylor street. No one of the ordinances thus introduced fixed the grade of California avenue at its intersection with West Taylor street; and no one of said ordinances purported to fix the grade of West Taylor street at any point. In connection with the three ordinances above mentioned, the appellee introduced in evidence an order, passed by the city council on March 23, 1896, subsequently to the passage of the three ordinances last above named, by the terms of which it was "ordered, that where grade is established on streets running north and south, or at intersection of streets running east and west, or where grade is established on a street running east and west at intersection of streets running north and south, grade so established shall hold as to cross-streets." The appellant objected to the introduction of the three ordinances last above named, and of the order introduced in connection with them. The objection was overruled, and exception was taken. We think that the objection should have been sustained.

The reference in the ordinance providing for the improvement is to "an ordinance fixing the grade of said street now on file in the office of the city clerk." The reference here is to an ordinance fixing the grade of West Taylor street. None of the ordinances introduced fixed the grade of West Taylor street. The ordinances introduced were three in number, and fixed the grades of other streets crossing West Taylor street or parallel with it. The reference also is to an ordinance, and not to an order. There is an essential difference between an ordinance passed by the common council and an order of the common council, as will be hereafter shown.

In *City of Carlinville* v. *McClure, supra,* the reference in the ordinance for the improvement as to the grade of the

street was to a profile of the street on file in the office of the city clerk; and it was there held, that the reference was sufficient, because the profile on file in the clerk's office so aided the ordinance as that the ordinance, when read in the light afforded by the profile, indicated the location of the grade of the street. The instrument, to which the reference is made, in order to ascertain the grade, whether it be an ordinance, or a profile, or a map, or a plan, or a plat, should be sufficient to locate the grade of the street. Unless the grade of the street is accurately located, no intelligent and correct estimate of the cost of the improvement can be made. It is impracticable to pave the street stably without prior grading. (Horr & Bemis on Mun. Police Ordinances, sec. 226.) In the case at bar, the contractor, seeking to ascertain the grade of West Taylor street between the avenues already mentioned, would not find in the city clerk's office any ordinance establishing such grade; and he could not be required to look among the ordinances of the city to find ordinances establishing grades of other streets than the one which his contract required him to pave; nor could he be required to search among the council proceedings to find some general order applicable to the grade of streets crossing, or parallel with, the street which he was required by his contract to pave.

The proof in the case showed, that the order of March 23, 1896, was not styled in accordance with section 2 of article 5 of part 1 of the City and Village act. Section 2 requires that the style of the ordinance in cities shall be: "Be it ordained by the city council of........." The proof also shows that the order of March 23, 1896, was not passed by a majority of the members of the city council, as required by section 13 of article 3 of part 1 of the City and Village act; also, that the yeas and nays were not taken upon its passage, as required by said section 13; also, that the yeas and nays were not duly entered upon the journal of the proceedings of the city council, as

required by said section 13; also, that the same was not presented to the mayor for his approval, as required by section 18 of said article 3.  (*Barr* v. *Village of Auburn*, 89 Ill. 361; *Hackman* v. *Village of Staunton*, 42 Ill. App. 409; *Schofield* v. *Village of Hudson*, 56 id. 191).  It is thus clearly shown, that the order in question lacked the requirements, which the statute makes necessary, in order to constitute a valid ordinance.  The order in question was nothing more than a mere resolution, and in no sense an ordinance.  It is not claimed, that the three ordinances, introduced for the purpose of showing the grades of streets intersecting with West Taylor street and parallel with it, would be competent, as showing the grade of West Taylor street between the points indicated, without the order of March 23, 1896, accompanying them and considered in connection with them.  That order attempted to enlarge and amend the three ordinances referred to.  But an ordinance cannot be amended, repealed or suspended by a resolution.  The act which amends, modifies or repeals a law should be of equal dignity with the act which enacts or establishes the law.  A resolution or order is not a law, but merely the form in which the legislative body expresses an opinion.  An ordinance prescribes a permanent rule of conduct or government, while a resolution is of a special and temporary character.  Acts of legislation by a municipal corporation, which are to have continuing force and effect, must be embodied in ordinances, while mere ministerial acts may be in the form of resolutions.  It is true that, where the charter of a municipality is silent as to the mode in which the city council shall perform an act, the decision of the council may be evidenced by either a resolution, or an ordinance.  But where the charter requires an act to be done by ordinance, or where such a requirement is implied, as it is here, by necessary inference, a resolution is not sufficient, but an ordinance is necessary.  (17 Am. & Eng. Ency. of Law, pp. 235, 236; Horr & Bemis on Mun. Police Ordi-

nances, sec. 210; 1 Dillon on Mun. Corp.—4th ed.—sec. 30, and notes; *City of SanAntonio* v. *Micklejohn*, 89 Tex. 79).

As an ordinance is required to establish a fixed rule for the conduct of the affairs of the city, it would seem that the grade of a street should be established by an ordinance, and such is the general practice in this and other States. (*City of Bloomington* v. *Pollock, supra; City of Carlinville* v. *McClure, supra; Washington Ice Co.* v. *City of Chicago, supra; Chicago and Northern Pacific Railroad Co.* v. *City of Chicago, supra; State* v. *City of Bayonne*, 35 N. J. L. 335; 1 Dillon on Mun. Corp.—4th ed.—sec. 307, and note; Horr & Bemis on Mun. Police Ordinances, sec. 226; *Nazworthy* v. *City of Sullivan*, 55 Ill. App. 48; *Village of Crotty* v. *People*, 3 id. 465).

Paragraph 7 of section 1 of article 5 of part 1 of the City and Village act enumerates, among the powers of city councils in cities, the power "to lay out, establish, open, alter, widen, extend, grade, pave or otherwise improve streets," etc. Paragraph 96 of said section 1 enumerates, among the powers of city councils of cities, the power "to pass all ordinances, rules and make all regulations proper or necessary to carry into effect the powers granted to cities," etc. Immediately following said paragraph 96 is section 2, which specifies what shall be the style of an ordinance in cities. By the paragraphs and sections thus referred to, it is made clear that the common council is required to pass such ordinances, rules and regulations as are necessary to carry into effect the powers granted to the city, and that among these powers is that of grading the streets. Acts of the city, which have for their object the carrying into effect of the charter powers thus granted, are legislative in their character; and it is well settled, that acts of municipal corporations, which are legislative in their character, must be put in the form of ordinances, and not of mere resolutions. (17 Am. & Eng. Ency. of Law, p. 236, and cases referred to in notes). A resolution is a much less formal act than

an ordinance. "Ordinances, rules and regulations," as used in paragraph 96, above referred to, are identical in meaning. (*State* v. *Lambertville*, 45 N. J. L. 282; *Kepner* v. *Commonwealth*, 40 Pa. St. 124). It follows, that the order of March 23, 1896, did not have the effect of establishing the grade of West Taylor street, because, viewed as an original act of the city council, it was not an ordinance, and, viewed as an attempted enlargement of previous ordinances, it was not of equal dignity with the legislative acts which it attempted to qualify.

*City of Quincy* v. *Chicago, Burlington and Quincy Railroad Co.* 92 Ill. 21, is not inconsistent with the doctrine here announced, as, in that case, there was a conveyance of the street absolutely to the railway company under the resolution mentioned in the case, and the city had recognized for over twenty years the resolution passed by it, which granted the right to the railroad company to lay its tracks in certain streets. There, the resolution was held to be binding, because of the deed made under it and the long possession held under it. No such state of facts, however, exists in the case at bar.

Our conclusion is, that the county court erred in not sustaining the objections made by the appellant company to the introduction of the ordinance of June 21, 1897, and of the three ordinances, introduced in connection with, and precedent in time to, the order of March 23, 1896, and of the order itself.

For the error in not sustaining the objections above indicated, the judgment entered by the county court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views here expressed.          *Reversed and remanded.*