STAMPER Q. LAMM et al.

v.

THE CITY OF DANVILLE.

*Opinion filed April 17, 1906.*

1. MUNICIPAL CORPORATIONS—*"fire limits" ordinance must fix definite boundaries.* An ordinance extending the fire limits of the city is void where the description of the boundaries is an impossible one or is so defective that an expert surveyor could not locate the boundaries of the district as extended.

2. SAME—*when a description in fire limits ordinance cannot be aided by extrinsic evidence.* A description of fire limits contained in an ordinance which uses a wrong name for one of the streets designated as a boundary cannot be aided, and the ordinance thereby rendered valid, by extrinsic evidence showing that such street commonly bears the name used but which is not the name fixed in accordance with law, as shown by the plat of the city.

3. SAME—*the name of street can be changed only by ordinance.* The provision of the statute requiring a city plat to show the names of the streets is mandatory, and the power to change the name of a street so shown must be exercised by ordinance.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding.

This was an action of debt, brought by the city of Danville in the circuit court of Vermilion county against Stamper Q. Lamm and Edward C. Lamm, partners doing business as S. Q. & E. C. Lamm, to recover certain penalties for the violation of an ordinance of said city. This ordinance, which was passed by the city council on December 23, 1903, and published on December 25, 1903, provided that on and after March 1, 1904, it should be unlawful to erect, maintain, build, operate or use any planing mill, sash, door or blind factory, chair or furniture factory, lumber yard, wood yard, oil mill or paper mill within the fire limits of said city, and declared each and every one of the enumerated occupations to be a nuisance if within the fire limits. The ordinance provided a fine of not less than $50 nor more than $200 for a violation thereof, and the further sum of $25 for each day

such planing mill, etc., should be allowed to remain within the fire limits.

The declaration consisted of four counts. The first of these charged the defendants with maintaining, operating and using a lumber yard within the fire limits of the city on April 1, 1904, and the second charged them with maintaining, operating and using a planing mill therein on the same date. Each of these two counts sought to recover the penalty of $200. The third and fourth counts declare on the penalty of $25 per day from March 1, 1904, to April 1, 1904, for allowing the lumber yard and planing mill, respectively, to remain within said fire limits contrary to the terms of the ordinance. The defendants pleaded the general issue. At the conclusion of all the evidence the court denied defendants' motion for a peremptory instruction directing a verdict in their favor and gave to the jury an instruction to find for the plaintiff under the first and second counts. The jury accordingly returned a verdict for $50 under each of those counts. After overruling a motion for a new trial the court entered judgment upon the verdict for $100. The defendants bring the record to this court by a writ of error.

The plaintiff on the trial below introduced in evidence the ordinance fixing the fire limits and that prohibiting lumber yards and planing mills within those limits, and proved that the defendants' lumber yard and planing mill were within the fire limits, and that both were maintained subsequent to March 1, 1904.

The plaintiffs in error contend that the court erred in excluding evidence proffered by them, and their position is that the city council cannot arbitrarily fix fire limits, but that the courts have a right, in each instance, to investigate the question whether the limits as fixed are reasonable, and whether the territory embraced within the fire limits requires the protection afforded by an ordinance fixing such limits. They further insist that the city council has no power to exclude lumber yards and planing mills from the fire limits if it be

proven that the business as conducted is, in fact, not a nuisance, and that the danger of fire is no greater than from other kinds of business not prohibited but which are located in the same vicinity as that prohibited, and that the determination of these questions of fact must be submitted to a jury.

It is also claimed that the statute under which the ordinance excluding lumber yards and planing mills from the fire limits was passed, under the construction given it by the circuit court, violates sections 2, 5 and 13 of article 2 and section 22 of article 4 of the constitution of Illinois, and also violates the fourteenth amendment to the constitution of the United States.

An amendatory ordinance, passed April 9, 1903, extending the fire limits so as to bring the property of plaintiffs in error within those limits, is attacked on the ground that in describing the course of the boundary line of the limits a street is designated by the name under which it is generally known among the residents of Danville instead of by the name by which it was platted.

REARICK & MEEKS, O. M. JONES, and H. M. STEELY, for plaintiffs in error:

An ordinance passed under a grant of power by the legislature must be reasonable to be valid, and the question of its reasonableness is open to judicial inquiry, and evidence is admissible upon this question. *Clinton* v. *Phillips,* 58 Ill. 102; *Tugman* v. *Chicago,* 78 id. 405; *Lander* v. *Chicago,* 111 id. 291; *Cemetery Ass.* v. *Railroad Co.* 121 id. 200; *Seacord* v. *People,* 121 id. 623; *Lake View* v. *Tate,* 130 id. 247; *Hyde Park* v. *Carton,* 132 id. 100; *Chicago* v. *Trotter,* 136 id. 430; *Bloomington* v. *Latham,* 142 id. 464; *Hawes* v. *Chicago,* 158 id. 653; *Chicago* v. *Rumpff,* 45 id. 90; *Carrollton* v. *Bazzette,* 159 id. 284; *Frost* v. *Chicago,* 178 id. 250; *Chicago* v. *Brown,* 205 id. 568.

Certain things are nuisances *per se,* and the law recognizes them as such; other things may or may not be so, de-

pending on the circumstances. In the latter class of cases it is beyond the power of a city to declare in advance that those things are a nuisance. The question of whether a thing of such class is or is not a nuisance must be settled as one of fact, and not of law. *DesPlaines* v. *Poyer,* 123 Ill. 348; *Lake View* v. *Letz,* 44 id. 81; *Chicago* v. *Laflin,* 49 id. 172; 2 Wood on Nuisances, (3d ed.) sec. 744; *Laugel* v. *Bushnell,* 197 Ill. 20; Dillon on Mun. Corp. sec. 374; *Yates* v. *Milwaukee,* 10 Wall. 498; *Railroad Co.* v. *Joliet,* 79 Ill. 44; *Railway Co.* v. *Lake View,* 105 id. 207.

Evidence is admissible upon the question of whether or not the business or calling, as located and carried on, is or is not a nuisance in fact, and whether it affects the good order, safety, health or morals of the community. *Seacord* v. *People,* 121 Ill. 623; *Wylie* v. *Elwood,* 134 id. 281.

It is a judicial question whether a trade or calling is of such a nature as to justify police regulation, and the legislature cannot arbitrarily make that a subject which from its nature is not so. *Ruhstrat* v. *People,* 185 Ill. 141.

If a law or ordinance is enacted which amounts to an arbitrary or unwarrantable interference with the right of the citizen to pursue any lawful business it must be declared unconstitutional, and the court should examine it to see whether the health, morals, safety or welfare of the public justifies its enactment, and whether it is prohibited by either the State or Federal constitution. *State* v. *Railroad Co.* 68 Minn. 381; *People* v. *Warden of Prison,* 157 N. Y. 116; *Ex parte Brown,* 38 Tex. 295.

While a city may by ordinance establish fire limits, yet such ordinance must be strictly construed in favor of the owners of buildings or property sought to be removed. *Elgin* v. *Picard,* 24 Ill. App. 340; *Louisville* v. *Webster,* 108 Ill. 414; 1 Dillon on Mun. Corp. sec. 405; *Harmon* v. *Chicago,* 140 Ill. 374.

An ordinance which is unjust, or makes discrimination between different persons without reason, or restricts com-

petition, will be declared unconstitutional and void. *Fiske v. People,* 188 Ill. 206.

The act in relation to cities, villages and towns gives power to name and change the name of any street, alley, avenue or other public grounds. But this power must be exercised by ordinance. Rev. Stat. chap. 24, sec. 62, clause 23; *Railroad Co.* v. *Chicago,* 174 Ill. 446.

An ordinance for the improvement of a street whose legal name is unlike that given in the ordinance is illegal. *Steenberg* v. *People,* 164 Ill. 478; *Sanger* v. *Chicago,* 169 id. 286; *Dempster* v. *Chicago,* 175 id. 278.

J. H. LEWMAN, and J. B. MANN, for defendant in error:

The power to fix fire limits and to prohibit lumber yards therein is within the police power, and is constitutional. *Fire Department* v. *Gilmour,* 149 N. Y. 457; *King* v. *Davenport,* 98 Ill. 305.

It is for the legislature to determine as to whether an exigency exists for the exercise of the police power. The burden to show the unreasonableness of an ordinance rests on the one seeking to have it set aside, and courts will not declare ordinances invalid or statutes unconstitutional unless it is clear, beyond a reasonable doubt, that the constitutional powers have been transcended. *People* v. *Cregier,* 138 Ill. 401; *Harmon* v. *Chicago,* 140 id. 374; *Insurance Co.* v. *Swigert,* 104 id. 653; *Ruhstrat* v. *People,* 185 id. 133.

Power to establish and fix the boundaries of fire limits includes the power to prescribe the kind of structures to be erected and nature of the business to be carried on within them. *King* v. *Davenport,* 98 Ill. 305.

Power to prohibit the maintenance of lumber yards and planing mills within the fire limits is expressly granted to cities by the statute. Rev. Stat. chap. 24, sec. 62, par. 93.

Courts will not hold an ordinance unreasonable which is expressly authorized by the legislature. 1 Dillon on Mun. Corp. sec. 328; 1 Beach on Public Corp. sec. 512; *Coal*

*Float* v. *Jeffersonville,* 112 Ind. 115; *Peoria* v. *Calhoun,* 29 Ill. 317; *Trust Co.* v. *Chicago,* 162 id. 505; *Champer* v. *Greencastle,* 138 Ind. 339; *St. Paul* v. *Colter,* 12 Minn. 41.

Where an ambiguity is made to appear by the introduction of proof outside of the instrument it is a latent ambiguity, and may be explained by parol evidence. *Halliday* v. *Hess,* 147 Ill. 591; *Bradish* v. *Yocum,* 130 id. 386; *Dougherty* v. *Purdy,* 18 id. 206; *Stevens* v. *Wait,* 112 id. 547; 1 Greenleaf on Evidence, sec. 301.

Public boundaries may be shown by proof of common or general reputation. *Holbrook* v. *Debo,* 99 Ill. 384; *Mullaney* v. *Duffy,* 145 id. 559; *Boardman* v. *Lessees,* 6 Pet. 341.

Mr. JUSTICE SCOTT delivered the opinion of the court:

We are of the opinion that the ordinance extending the boundaries of the territory within the fire limits so as to include the property of the plaintiffs in error is void for want of accuracy in the description of that territory. The ordinance attempts to designate a line bounding the territory within the fire limits. There is in the city of Danville a street running east and west, known as North street. Just a half block north of this street, and parallel thereto, is an alley. The ordinance describes the line which, in the northeastern part of the city, runs on the northern boundary of the territory which the ordinance seeks to place in the fire limits, as running "east along the middle of said alley," (the alley immediately north of North street,) "and said alley extended to the middle line of Hays street; thence south along the middle line of Hays street to the middle of North street; thence west along the middle line of North street," etc. Hayes street is a street which runs south from the south line of North street two blocks to the north line of Main street. Hayes street does not extend north of North street at all, and the line bounding the fire limits on the north and running east in the alley next north of North street will never touch the middle line of Hayes street, but will pass more than

a half block north of the northern terminus of Hayes street. The following drawing will perhaps better illustrate the situation:

The contention of the city is, that this line running east in the alley runs to the middle of Lincoln street and then south, and evidence was offered for the purpose of showing that Lincoln street is commonly known as Hayes street, which, it is said, aids the description, and shows that the city council, in passing the ordinance, had Lincoln street in view in providing that this line should run east to the middle line of Hayes street and thence south. The recorded plat of that addition to the city of Danville in which this street is located, made by direction of the original owner thereof for the purpose of adding to the city, was offered in evidence, and it shows that the name of the street is Lincoln. Section 1 of

chapter 109, Hurd's Revised Statutes of 1903, provides that the original plat of an addition shall give the names of the streets, and we have held this provision mandatory. (*City of Chicago* v. *Drexel,* 141 Ill. 89.) The power to change the name of a street is lodged in the city council and must be exercised by ordinance. (Hurd's Stat. 1903, chap. 24, sec. 62, clause 23; *Chicago and Northern Pacific Railroad Co.* v. *City of Chicago,* 174 Ill. 439.) Evidence was offered which shows that the name of Lincoln street has never been so changed.

It is apparent that an expert surveyor could not, by the description contained in this ordinance, fix the fire limits of the city of Danville. The description is an impossible one. The course of the boundary line is given, running east through the alley and the alley extended, but the distance which it runs east is not given, nor does it run east to any monument or to any street shown by the plat of the city, and the distance which the line continues east cannot be fixed either by measurement, monument or street.

If this ordinance is otherwise valid it becomes the law of the city, and by that law certain property would be within the fire limits and all other property outside. However the rule may be in reference to aiding such a description in a conveyance, we think where a description of this character is contained in a law or ordinance that it is not competent to aid it, and establish the validity of an enactment otherwise invalid, by extrinsic evidence showing that a street commonly bears a name other than the name of that street fixed in accordance with the law, as shown by the plat of the city. Owing to this defect in the ordinance other questions argued do not properly arise.

The judgment of the circuit court of Vermilion county will be reversed, and as the ordinance of April 9, 1903, extending the fire limits in the city of Danville, is void, the cause will not be remanded.          *Judgment reversed.*