## CITY OF DENISON v. SMITH. (No. 8987.)

(Court of Civil Appeals of Texas. Dallas. March 1, 1924.)

1. **Eminent domain ⊜2(11)—Municipal corporations ⊜437—Assessment invalid unless enhanced value from improvement equals or exceeds assessment.**

Under Rev. St. arts. 1006–1017, authorizing cities organized thereunder to create improvement districts and pave streets, and article 1013, limiting assessment for street improvements to actual benefit to the individual abutters, the enhanced value is the only consideration for the liability of an abutting owner for such an assessment or for a lien therefor, and a proceeding to collect an assessment or impose a lien on abutting property for an improvement which does not enhance the value in an amount equaling or exceeding ·the assessment cannot be maintained, as it would violate state Const. art. 1, §§ 17, 19, and Const. U. S. Amend. 14, § 1, requiring adequate compensation.

2. **Municipal corporations ⊜409—Obligation of city or contractor to make street improvement requisite to assessment.**

Unless the city has become legally obligated or has legally obligated a contractor to construct street paving with the material and according to specifications adopted as the basis of assessment, the property owner cannot be called upon to pay the assessment, nor can his property be incumbered with the lien of an assessment therefor.

3. **Municipal corporations ⊜444 — Mayor's statements as to city's ability to pave street held not sufficient basis for assessment.**

Where a contractor for street paving was not obliged, under its contract with the city to pave in front of defendant's abutting homestead because of defendant's refusal to execute a contract for paving, and the contractor did not so pave, and the only assurance that defendant had that pavement would be laid in front of his property were statements of the mayor that the city had the means and ability to lay such pavement if it could collect from defendant or defendant would execute a mechanic's lien contract, which statements were not binding on the city, an assessment for paving in front of such homestead was not enforceable against defendant.

4. **Municipal corporations ⊜301—Ordinance for street improvement essential to assessment.**

Under Rev. St. arts. 1006–1017, constituting the charter power of Denison, street im-

---

provements and imposition of assessments therefor on abutting owners and their property must be provided for in detail by ordinance, because of their important nature involving possible change of grade and drainage.

5. Municipal corporations  ⊜⊐122(1)—Ordinances must be specially pleaded.

The court assumes the absence of any ordinance, where not specially pleaded.

Appeal from Grayson County Court; Dayton B. Steed, Judge.

Proceeding by the city of Denison, against W. L. Smith, to collect a paving assessment. Judgment for defendant, and plaintiff appeals. Affirmed.

Jno. T. Suggs and R. W. Stoddard, both of Denison, for appellant.

H. H. Cummings, of Denison, and Freeman, McReynolds, Hay & Wolfe, all of Sherman, for appellee.

LOONEY, J. The city of Denison, appellant, sued W. L. Smith, appellee, to recover $667.53 (afterwards reduced to the sum of $544), the amount of an assessment levied against Smith, personally, by the city of Denison, being the proportion of the total cost of street improvements for paving the street upon which his homestead abutted.

Smith's answer includes a general denial and a sworn plea of failure and want of consideration. He also alleges that the lots in question constituted his homestead; that he had refused, and would continue to refuse, to create a lien upon his homestead to secure the payment for the proposed improvements; that, under such circumstances, neither the city nor any other concern, or person, is bound to construct the improvements in front of his property, and, under the circumstances, said improvements will not be constructed, and, until they are constructed and accepted by the city, it is not entitled to collect from appellee the amount of the assessment.

The case was tried by a jury, and judgment was rendered for appellee Smith on an instructed verdict. The appellant's motion for a new trial was overruled, notice of appeal given, which has been perfected, and errors assigned.

The facts are substantially as follows: The city of Denison, a municipal corporation, chartered by a special act of the Legislature, prior to the date of any of the proceedings involved in this suit, regularly adopted, and was acting under, the provisions of chapter 11, tit. 22, Revised Statutes of 1911.

During the year 1921, the city council of Denison passed various ordinances and resolutions providing for the creation of an improvement district within the city, and for paving the streets in the district, including the street upon which the homestead of appellee is situated. All preliminary steps were regularly taken by the city that ultimately resulted in the preparation of specifications for the improvements, the advertisement for bids, the ascertainment of the costs of the improvements, the division of the same between the city and the property owners, and the levy of the assessments against all nonhomestead property and against the owners, as well as against the owners of all homestead property, including the assessment against the appellee in the amount above mentioned, which represented the correct proportionate amount of the entire cost.

The assessment against appellee is not in excess of the actual benefit to him in the enhanced value of his property that will result by means of the improvements if made according to the specifications adopted. The city let the contract for the work to Healty Construction Company, and the only obligation assumed by the city was, to pay for all intersecting paving and any drainage structures needed and the resetting or rebuilding of any curb made necessary by change of line or grade, the balance of the cost of the improvements to be charged against the abutting property owners, and no price for said construction was payable to the city.

Appellee refused to execute any contract for paving, and will continue to refuse, and the improvement in front of his property was omitted, and there did not exist at the time of the institution of this suit any contract or any preparation for paving in front of appellee's property.

Under the contract entered into with Healty Construction Company, it was not obligated to pave in front of the property of appellee; the provision of the contract in relation to this matter is as follows:

"But said party of the second part [the contractor] is under no obligation to construct such work in front of any homestead property within said district, the owners of which refuse to enter into contracts acceptable to the party of the second part, but may omit to pave that portion of said street upon which said property abuts."

The means, ability, and purpose of the city with reference to the construction of a pavement in front of the homestead of appellee are shown by the testimony of the mayor of Denison, as follows:

"That the city has the means and ability to construct the paving in front of the property of the defendant if it is able to collect from the defendant the amount sought to be recovered against him, or, if the defendant and his wife will join in the execution of a mechanic's lien contract in approved form, but that the city

does not intend otherwise to construct said paving."

The appellant insists upon the following proposition for a reversal of this case; that is: That appellant, having accepted the provisions of chapter 11, tit. 22, Revised Statutes, acquired the legal right to impose a personal liability against the owners of property abutting upon a street the improvement of which has been determined upon, and to prescribe the time of payment for the liability imposed, and in a suit to recover the amount of the assessment the fact that the paving contemplated has not been constructed is no defense to the action.

Appellee answers the contention of the appellant with counterpropositions as follows:

1. That the owner of a homestead is not liable to the city for the cost of street improvements upon which his homestead abuts, if no such improvements have been installed and there exists no enforceable contract for the construction of said improvements.

2. That where a contractor, acting under the terms of the contract with the city, constructs permanent improvements upon the public street and, as authorized by the contract, refuses to improve that portion of the street upon which abuts a homestead belonging to an owner who refuses to enter into a contract creating a contractor's lien upon his homestead to secure the amount of the assessment for the cost of the improvement, and the city sues the homesteader for the cost of constructing that part of the improvement upon which the homestead abuts, the oral declaration of the mayor of the city, not expressed otherwise than in his testimony on the trial of the suit, to the effect that the city has the means to install the improvements in front of the homestead and intends to do so, the time of such installation not stated, if either the city obtains judgment in the suit and collects it, or the homestead owner and his wife will create a lien upon the homestead to secure the payment of the amount sued for, constitutes no consideration for the demand.

3. That, under the Constitution of this state, a city providing for the improvements of streets at the cost of property benefited thereby cannot collect an assessment for the cost of the improvement in front of a homestead without showing that adequate compensation therefor will be made; that the declaration of the mayor of the city on the trial of the suit for the recovery of the assessment, to the effect that the city has the means and ability to construct the improvement for which the assessment was made, and that the city intends to do so in the event it obtains and collects judgment for the amount, or if the defendant and his wife will create a lien upon the homestead to secure the amount of the assessment, is no

consideration for the amount sought to be recovered, and the rendition of a judgment under the circumstances would be taking the owner's property for public use without adequate compensation.

[1] The city of Denison, having accepted the provisions of chapter 11, tit. 22, Revised Statutes, was authorized through its governing body to determine the necessity and provide for the creation of improvement districts, and for paving the streets in accordance with the terms and provisions of the statute referred to.

It is provided, among other things (article 1013) with reference to the amount of the assessment against each piece of property abutting on the street being improved, as follows:

"* * * But no assessment shall be made against any owner of abutting property or his property in any event in excess of the actual benefit to such owner, in the enhanced value of his property, by means of such improvement, as ascertained at such hearing."

In a matter of this kind, the only consideration moving to the property owner for the enforced legal obligation to pay the assessment against him, or for the lien imposed on his property, is the benefit in the enhanced value of his property by reason of the improvement; otherwise, the proceedings would amount to the taking of his property without adequate compensation in violation of sections 17 and 19 of article 1 (Bill of Rights) of the Constitution of this state, as well as of section 1 of the Fourteenth amendment to the Constitution of the United States. Hutcheson v. Storrie, 92 Tex. 685–699, 51 S. W. 848, 45 L. R. A. 289, 71 Am. St. Rep. 884; 4 Dillon on Municipal Corporations (5th Ed.) § 1437. So, with reasonable accuracy, the rule may be stated that before the owner can be legally called upon to pay an assessment, either arising from personal liability or as a lien on his property, the enhanced value of his property by reason of the improvements must equal or exceed the amount of the assessment.

[2] Whether or not under the statutes it is a condition precedent to the right to collect assessments levied against the owners of property that the improvements must be completed is a question we do not deem necessary to be decided in this case for the reason that, even if this should be the status of the law in order for appellee to be held liable, still it would have to appear that the city has become legally obligated to construct the improvements, or has legally obligated some contractor to construct the same, with the material and in all respects in accordance with the specifications adopted as the basis for the assessment; unless these precedent conditions exist, the property owner cannot be called upon to pay an assess-

ment; nor can his property be incumbered with the lien of an assessment.

[3] The affairs of the city of Denison, such as are under consideration in this case, can be transacted only by its governing body acting in its proper corporate capacity. Loose statements of the mayor, such as are shown by this record, however accurate or sincere, are not binding upon the city.

The governing body itself must act in a matter of such vital importance, not only to the individual whose rights are involved directly, but to the public at large, by ordinance in the manner and form prescribed by law. 2 Dillon on Municipal Corporations (5th Ed.) § 572.

[4] Under the provisions of chapter 11, tit. 22, Revised Statutes, the same constituting the charter power of the city of Denison in regard to the street improvements involved herein, it is clearly contemplated that the city council shall act by ordinance in all material matters pertaining to the ordering of street improvements, contracting therefor, adopting specifications, making assessments against abutting property and property owners, and with reference to the time, manner, and method of collecting same.

In Creighton . Manson, 27 Cal. 613, where the validity of a street improvement was involved, Rhodes, J., said:

"It is a general rule that the legislative department of the city government can act only through the medium of an ordinance, unless the organic law specially provides another mode."

In Chicago & N. P. R. Co. v. Chicago, 174 Ill. 439–446, 51 N. E. 596, 598, Magruder, J., said:

"Acts of the city which have for their object the carrying into effect of the charter powers thus granted [by enumerating the powers which the city council may exercise], are legislative in their character; and it is well settled that acts of municipal corporations, which are legislative in their character, must be put in the form of ordinances, and not of mere resolutions."

In McManus v. Hornaday, 99 Iowa, 507, 68 N. W. 812, an action was brought to establish and foreclose the lien of a street-paving assessment. The plaintiff relied on a resolution as sufficient. The city charter authorized the council to make such ordinances as might be necessary "to provide for the safety * * * and improve the * * * comfort and convenience of the city." Power was also conferred on the council to regulate the grade of streets and alleys, but there was no express provision as to the form in which this power should be exercised. It was held that the grading of streets was included in the general power to pass ordinances to improve the comfort and convenience of the city; that authority to pass ordinances on that subject required the power to be exercised in that mode; and that, on a subject so important to the property owners as fixing or changing the grade of a street, the statute, by implication if not expressly, required a change of grade to be made by ordinance.

These authorities are sufficient to show that street improvement is an enterprise of such a permanent and important nature, involving as it may the change of grade and drainage, and the expenditure of immense sums of public money, as well as the imposition of assessments upon abutting property owners and their property, that the same must be provided for in all possible details by the law of the municipality, regularly adopted as an ordinance.

[5] The mayor testified that the city had the means and ability to construct the pavement in front of appellee's property if it is able to collect the amount sued for, or if appellant and his wife will give a lien on their homestead for the improvement, but not otherwise. It is important to the appellee to be able to know when and how this improvement will be made. Is there any ordinance of the city of Denison that will compel the governing body to expend this money when collected within any reasonable time and in conformity to the specifications on which the amount of the assessment was arrived at? The record is silent, and we assume there is no such ordinance in existence. Short of such legal assurance, appellee, even if the money should be collected, will be without adequate legal protection.

If appellee is compelled to pay this assessment before the improvement is made, he will be without legal assurance that the improvement will be made within a reasonable time and in accordance with the specifications on which he was assessed; in fact, the only assurance that the improvements will be made at all is based upon the statement of the mayor quoted above.

This statement of the mayor is not binding on the municipality, as it can act only by ordinance adopted by its council in its corporate capacity. The fact must not be lost sight of that the only consideration moving to appellee for the special assessment is that his property will be enhanced in value in an amount equal to or in excess of the amount of the assessment; this being true, his rights should not be made to rest on indefinite statements of the mayor in no sense binding on the city. If, however, this assessment can, under the law, be collected before the improvements are made, in such event his rights should be bottomed on corporate utterances of the city that may be availed of in mandamus or other appropriate proceeding to compel the governing body of the city to expend the money in the manner and for the very purpose for which it was assessed and collected.

In harmony with these views, we hold that there is no sufficient consideration for the demand made by the city on appellee, and if collected would, under the facts presented in this case, amount to the taking of appellee's property without adequate compensation, in violation of the constitutional provisions above mentioned.

Finding no error in the judgment of the court below, it should be, and is hereby, affirmed.

Affirmed.