Argued March 7; affirmed March 18, 1930

.ROWLEY ᴇᴛ ᴀʟ. *v.* CITY OF MEDFORD

(285 P. 1111)

*B. F. Lindas* of Oregon City (Allison Moulton of Medford on the brief) for appellants.

*A. E. Reames* and *Frank P. Farrell* both of Medford (John Carkin of Medford on the brief) for respondent.

408

410

McBRIDE, J. ██ There are several technical objections to the complaint, which we shall pass over without discussion, and only consider those which, in our opinion, are incapable of amendment. The statement as abridged here is necessarily long. Clearly, the alleged agreement between the state engineer and plaintiffs' predecessors was one which the state engineer had no authority to make, and therefore was invalid. We find no section of the water code or in the act of 1913, chapter 87, General Laws of 1913, that can, by any process of legal reasoning, be construed to give such authority. The case being here on demurrer we must, as a matter of law, assume that orally the state engineer agreed to accept the conveyances made to him by plaintiffs' predecessors, and, if he did, such agreement was void to the same extent as if it had never been made. As the case now stands there is no allegation that, since 1915, plaintiffs have ever taken any steps to perfect their water right, or to appropriate the water they or their grantors had applied for to any substantial use. The allegations as to what they did before this alleged surrender of their rights are vague. It does not state that they, or their predecessors, ever made a yard of surveys, or ever dug a rod of ditch, or put in a foot of dam in view of making a beneficial use of the water for which application had been made. The complaint only recites that prior to the 6th day of September, 1915, these plaintiffs and their grantors, under the provisions of their respective permits and applications, and under and pursuant to the laws of Oregon and the requirements of the state water board and the state engineer,

did, and performed, a large amount of work in connection with the perfection of said respective water rights, et cetera, (see quotation from complaint in statement).

At all events it appears plainly that from the 6th day of September, 1915, until the passage of the resolution by the legislature, they did nothing toward putting the water rights, which Rowley had assigned to the state engineer, to any beneficial use upon a void promise by the state engineer, if any were made, to reassign to them his rights under certain circumstances. Whether the plaintiffs acted in good faith or not, it is clear that the alleged trust was void, both for the reason that there was no authority in the state engineer to make it and because such an unauthorized agreement would be void as against public policy as unlawfully tending to tie up and delay the beneficial use of water for an indefinite period thereby preventing other prospective or possible appropriators from making a beneficial use of it. Plaintiffs' rights were dead and buried under the weight of years unless the resolution of 1927 resurrected them, and we hold that it did not.

Plaintiffs' counsel treats the resolution as though it had the force and effect of a law, which it clearly had not.

The power of the legislature to effectively legislate by resolution is confined within very narrow limits. It may provide for expenses incident to its sessions, such as employing clerks and stenographers and procuring supplies, and other matters incident to the carrying on of its business, but it can not go outside and legislate generally on matters involving property or other rights. As to such matters, its resolutions have only the effect of an expression of opinion and no more. "A resolution is not a law, but merely the form in which the legislative body expresses an opinion."

7 Words & Phrases, title ''Resolution,'' citing *The Village of Altamont v. The Baltimore & O. S. W. Ry. Co.*, 184 Ill. 47, 56 N. E. 340, (citing *Chicago & N. P. R. R. Co. v. City of Chicago,* 174 Ill. 439, 51 N. E. 596) ; *Reynolds v. Blue,* 47 Ala. 711.

The resolution was not a law, was not intended to be such, and was not binding on the city of Medford. It follows that when the act of 1925, supra, was passed, giving the city of Medford the right to appropriate and use the water of Big Butte creek, the plaintiffs had no ''existing rights'' to said waters, and that the resolution, passed by the legislature two years after the grant to the city, was ineffective for any purpose. If, through a misapprehension of one of the state's officers, the plaintiffs have lost any valuable rights, the legislature may atone for the mistake, if any, by appropriate legislation, but with that question we have nothing to do.

As against the defendant, the complaint does not state a cause of action, and the judgment of the circuit court is affirmed.

COSHOW, C. J., RAND and ROSSMAN, JJ., concur.